[No. 16279-6-III.   Division Three.   January 22, 1998.]

THE CITY OF RICHLAND, *Respondent*, v. JON PATRICK
MICHEL, *Petitioner.*

766

*Neil C. Buren*, for petitioner.

*Thomas O. Lampson, City Attorney*, and *Jeffrey D. Torrey, Assistant*, for respondent.

SCHULTHEIS, C.J. — A statute effective September 1, 1995,

provides that a person who is convicted of driving under the influence of alcohol (DUI) and who has a prior offense within the last five years has a significantly higher minimum punishment than a person who has no prior offenses. RCW 46.61.5055(2). Jon Patrick Michel was arrested for DUI on September 13, 1995. He had been granted a deferred prosecution for a similar charge in April 1992. RCW 46.61.5055(8)(a)(vii) includes deferred prosecutions as "prior offenses." On discretionary review, Mr. Michel challenges the constitutionality of RCW 46.61.5055, contending the inclusion of deferred prosecutions as prior offenses violates due process and equal protection and constitutes an ex post facto law and/or a bill of attainder. We affirm.

Mr. Michel was first arrested in January 1992 for DUI, RCW 46.61.502. The order granting his petition for deferred prosecution was entered in April of that year. After successful completion of the treatment prescribed in the deferred prosecution, his charge was dismissed in April 1994 and probation was set for 24 months.

At the time Mr. Michel entered into deferred prosecution, former RCW 10.05.120 provided that a deferred prosecution could be used to enhance a sentence for any subsequent offenses within a five-year period.[1] His minimum penalty for a subsequent offense was incarceration for seven days to one year and a fine of $500 to $2,000. Former RCW 46.61.515 (repealed by LAWS OF 1994, ch. 275, § 42). A few months after Mr. Michel completed the deferred prosecution and his charge was dismissed, the

---

[1]In its entirety, the statute provided that:

"Upon proof of successful completion of the two-year treatment program, the court shall dismiss the charges pending against the petitioner.

"Five years from the date of the court's approval of a deferred prosecution program for an individual petitioner, those entries that remain in the department of licensing records relating to such petitioner shall be removed. A deferred prosecution may be considered for enhancement purposes when imposing mandatory penalties and suspensions under RCW 46.61.515 for subsequent offenses within a five-year period." Former RCW 10.05.120.

Legislature amended RCW 10.05.120 and removed the reference to enhancement of subsequent sentences.[2]

On September 1, 1995, RCW 46.61.5055 became effective. The statute provides that a person convicted of DUI and who has one prior offense within five years must be punished as follows: If the person's alcohol concentration was at least 0.15, by imprisonment for 45 days to a year, by a fine of $750 to $5,000, and by revocation of the driver's license for a period of 450 days. RCW 46.61.5055(2)(b). "Prior offenses" are defined as convictions under the DUI statutes and deferred prosecutions "under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance." RCW 46.61.5055(8)(a)(vii).

On September 13, 1995, two weeks after RCW 46.61.5055 went into effect, Mr. Michel was arrested for a new DUI offense. His alcohol concentration was determined to be 0.18 at the time of arrest. He pleaded guilty in district court in November. Taking into consideration the deferred prosecution for the offense committed less than five years before, the court sentenced him to 45 days in jail, the minimum under RCW 46.61.5055(2)(b).[3] He was also fined $1,200. The superior court affirmed the district court ruling in November 1996. On appeal here, as in superior court, Mr. Michel contends RCW 46.61.5055 is unconstitutional because (1) it violates due process and equal protection guaranties, and (2) it constitutes an ex post facto violation or a bill of attainder.

▮ Deferred prosecution under RCW 10.05 is designed to encourage treatment of culpable people whose wrongful conduct is caused by a treatable condition, such as alcoholism. *Abad v. Cozza*, 128 Wn.2d 575, 579, 911 P.2d 376

---

[2]The 1994 amendment removed the second paragraph of former RCW 10.05.120. LAWS OF 1994, ch. 275, § 19. Another amendment that year included the second paragraph. The governor deleted that section because it contradicted the intent of the bill to maintain records of deferred prosecution for 10 years. *See* LAWS OF 1994, ch. 275, § 35.

[3]The court actually sentenced him to 365 days, with 320 days suspended.

(1996). These people are given the opportunity to avoid conviction if they successfully complete treatment. *Id.* at 579. Deferred prosecution is not tantamount to a guilty plea; it is a form of preconviction sentencing or probation. *Id.* at 579. In order to qualify, the accused must allege under oath that the wrongful conduct charged is the result of alcoholism, drug addiction or mental problems. He or she must agree to pay, if possible, the costs of diagnosis and treatment. RCW 10.05.020(1). The petitioner executes a statement that acknowledges his or her rights, stipulates to the admissibility and sufficiency of the facts in the police report, and acknowledges that the statement will be entered and used to support a finding of guilt if the deferred prosecution is revoked. RCW 10.05.020(2). Mr. Michel agrees that he executed such a statement.

Upon completion of the deferred prosecution two-year treatment plan, the charge is dismissed. RCW 10.05.120. Until amended by LAWS OF 1994, ch. 275, § 19, RCW 10.05.120 also provided that any entries in department of licensing records would be expunged five years from the date deferred prosecution was approved. Additionally, this statute provided that the deferred prosecution "may be considered for enhancement purposes" for punishing subsequent offenses within a five-year period. Former RCW 10.05.120. While the references to expunging the record and using deferred prosecution for enhancement were removed from the statute in 1994, another section, RCW 10.05.060, was amended at the same time to order that petitioners would have their driver's licenses on a probationary basis for five years. The Legislature also provided that the record of the deferred prosecution would be maintained for 10 years from the entry of the order. RCW 10.05.060.

Mr. Michel contends the RCW 46.61.5055 penalty schedule for a violation of the DUI statutes is unconstitutional as applied to him because it denies him due process and equal protection under the law. He argues the statement he signed in 1992 did not properly warn him that the deferred

prosecution could be used as a sentencing enhancement. He also contends the statute treats a person convicted of a DUI the same as one whose DUI is dismissed after successful completion of deferred prosecution. Such blanket punishment, he asserts, does not survive scrutiny for equal protection purposes.

■ We presume a statute is constitutional. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). The party challenging a statute has the burden of proving it unconstitutional beyond a reasonable doubt. *Id.* at 496; *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993).

■ Due process requires fair notice of proscribed criminal conduct and standards to prevent arbitrary enforcement. *State v. Becker*, 132 Wn.2d 54, 61, 935 P.2d 1321 (1997); *State v. Halstien*, 122 Wn.2d 109, 117, 857 P.2d 270 (1993). Mr. Michel's contention that his deferred prosecution agreement did not give him fair notice that an enhanced sentence was a consequence of his agreement is without merit. Unlike the case with guilty pleas, the deferred prosecution statute does not require written notice of all consequences of the agreement. *Compare* CrR 4.2(d) *and State v. Ross*, 129 Wn.2d 279, 284, 916 P.2d 405 (1996) (all direct consequences of the guilty plea must be communicated to the defendant before the plea is entered) *with* RCW 10.05.020 (defendant must be advised of his or her rights as an accused and must acknowledge the admissibility of the stipulated facts in any subsequent criminal hearing). As with juvenile diversion agreements, the procedure is designed to be somewhat informal. *State v. Quiroz*, 107 Wn.2d 791, 799, 733 P.2d 963 (1987) (juvenile diversion agreements). Further, former RCW 10.05.120, which gave fair notice that the deferred prosecution could be used for sentence enhancement within a five-year period, was not amended until after Mr. Michel had entered and completed his two-year treatment under the agreement. He cannot argue now that he was unaware at the time he entered the deferred prosecution agreement that sentence enhancement for a subsequent offense was a possibility.

■ Equal protection guaranties require similar treatment under the law for similarly situated people. U.S. Const. amend. XIV, § 1; Const. art. I, § 12; *Ward*, 123 Wn.2d at 515. Mr. Michel contends he should not be subject to the same penalty as a person whose deferred prosecution is revoked and is subsequently convicted on the underlying offense.

■ The standard applied to our equal protection examination depends on the type of classification involved. Whenever a fundamental constitutional right or a "suspect" classification (such as race or nationality) is involved, we apply strict scrutiny. *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). Under this test, the law must be necessary to accomplish a compelling purpose of the state. *Ward*, 123 Wn.2d at 516; *Coria*, 120 Wn.2d at 169. When a statute does not affect a fundamental right or create a suspect classification, it is analyzed under the rational relationship test, which asks only whether the law is at all relevant to achieving a legitimate state interest. *Ward*, 123 Wn.2d at 516; *Coria*, 120 Wn.2d at 169. In limited circumstances, we apply an intermediate scrutiny to laws that accord special treatment to "quasi-suspect" classes (such as gender or legitimacy of birth) or that affect important but not fundamental interests. *Coria*, 120 Wn.2d at 170; *Crossman v. Department of Licensing*, 42 Wn. App. 325, 328, 711 P.2d 1053 (1985). Under this test, the law must be seen as furthering a substantial interest of the state. *Coria*, 120 Wn.2d at 170 (citing *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987)).

Mr. Michel argues that this court should apply either a strict or an intermediate scrutiny to RCW 46.61.5055 because he is a member of a suspect class: alcoholics. Although no Washington case has specifically ruled on the subject, it is doubtful that alcoholics would be considered a

suspect class.[4] There is no history of "invidious discrimination" against alcoholics that must be rigorously prevented. *See Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 635, 911 P.2d 1319 (1996). Even if the class is quasi-suspect as a disabled population, however, intermediate scrutiny is not necessary here because RCW 46.61.5055 does not treat alcoholics different from other offenders. It merely treats those who choose to enter treatment to avoid conviction for a DUI, and then reoffend within five years, the same as those who are convicted of a DUI and later reoffend. Alcoholism is not a requirement for deferred prosecution treatment. *See* RCW 10.05.010.

For the purposes of an equal protection analysis, Mr. Michel is actually a member of a class composed of those who successfully complete deferred prosecution. Since that class is not even quasi-suspect, we ask under the rational basis test whether the Legislature's inclusion of the class in the category of "prior offenses" is rationally related to a legitimate interest. *Ward*, 123 Wn.2d at 516-17. Although it is a stated legislative policy to afford treatment to alcoholics and not to criminally prosecute them solely because they drink (RCW 70.96A.010), those who drink and drive are clearly subject to criminal sanctions. RCW 46.61.502. The State has a legitimate, substantial interest in preventing people from threatening life and property by habitually drinking and driving. Enhancing the sentences of those who are repeat offenders—whether defined as previously convicted or as avoiding conviction with a deferred prosecution—is rationally related to that interest. *Ward*, 123 Wn.2d at 517.[5] The statute is a valid exercise of police power because it promotes a valid State interest and is reasonably related to accomplishing that purpose. *Ward*, 123 Wn.2d at 516.

---

[4]The Supreme Court has held that prison inmate alcoholics have no fundamental right to treatment and rehabilitation. *Aripa v. Department of Soc. & Health Servs.*, 91 Wn.2d 135, 141, 588 P.2d 185 (1978).

[5]We also note that a trial court may consider facts underlying a dismissed conviction when deciding to enhance a sentence. *State v. Herzog*, 112 Wn.2d 419, 430, 771 P.2d 739 (1989).

Mr. Michel also challenges RCW 46.61.5055 as a violation of the ex post facto laws or as a bill of attainder. He contends the statute permits a more severe punishment than was permissible when he was first arrested for DUI in 1992, and argues it essentially inflicts punishment without a trial on those who elect deferred prosecution.

A statute violates the prohibition against ex post facto laws, *see* U.S. Const. art. I, § 10, cl. 1; Const. art. I, § 23, if it imposes punishment for an act which was not punishable when committed or increases the punishment that was annexed to the crime when it was committed. *Ward*, 123 Wn.2d at 496; *State v. Watkins*, 76 Wn. App. 726, 732, 887 P.2d 492 (1995). But RCW 46.61.5055 does not increase or enhance punishment for a crime committed before the effective date of the statute. It applies prospectively only to crimes committed after September 1, 1995. *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334, *cert. denied*, 118 S. Ct. 624 (1997). As with the habitual offender statutes, a defendant is on notice upon the effective date of the act that accruing another violation within the statutory period (five years in the case of RCW 46.61.5055) will enhance the penalty. *See State v. Scheffel*, 82 Wn.2d 872, 878, 514 P.2d 1052 (1973) (habitual traffic offenders under RCW 46.65.020); *Watkins*, 76 Wn. App. at 732 (punishment under RCW 9.41.040, which prohibits possession of a firearm after conviction under the Uniform Controlled Substances Act). As noted in *Scheffel*, "[i]t was the final violation which brought them within the ambit of the act." 82 Wn.2d at 878. Mr. Michel could have avoided the impact of RCW 46.61.5055 by restraining himself from committing another DUI. *Scheffel*, 82 Wn.2d at 878-79.

Mr. Michel's challenge of the statute as a bill of attainder is also without merit. The prohibition against bills of attainder is derived from U.S. Const. art. I, § 10 and Const. art. I, § 23. A bill of attainder is a legislative act that applies to named individuals or to easily ascertained members of a group in such a way that it inflicts punishment on them without a trial. *State v. Thorne*, 129 Wn.2d

736, 759, 921 P.2d 514 (1996) (citing *Scheffel*, 82 Wn.2d at 881). In other words, the Legislature is prohibited from singling out disfavored persons and inflicting summary punishment for past conduct. *Thorne*, 129 Wn.2d at 759. Here, RCW 46.61.5055 applies to all users of the highways who drive under the influence of intoxicants. *See Scheffel*, 82 Wn.2d at 881 (RCW 46.65 applies to all habitual traffic offenders). Further, the statute requires a trial to determine the guilt of a defendant and a sentencing hearing to determine the existence of prior offenses. It is the judiciary, not the Legislature, that performs the fact-finding and sentencing. *Thorne*, 129 Wn.2d at 760.

Affirmed.

SWEENEY and KATO, JJ., concur.