[No. 43735-6-I.   Division One.   February 7, 2000.]

THE CITY OF KENT, *Respondent*, v. MARVIN L. JENKINS, *Petitioner.*

*James Robert Dixon* of *Nielsen Broman & Associates, P.L.L.C.*, for petitioner.

*Roger Lubovich, City Attorney*, and *Arthur Merritt Fitzpatrick, Assistant*, for respondent.

BAKER, J. — In 1992, Marvin Jenkins was arrested for driving under the influence of alcohol (DUI) in violation of former RCW 46.61.502 (1987). Jenkins was granted a deferred prosecution under former RCW 46.61.515 (1985) and RCW 10.05.120. In 1995, he successfully completed the deferred prosecution and the charge was dismissed.

In 1996, Jenkins was again arrested for DUI and was convicted. RCW 46.61.5055(2), effective September 1, 1995, provides that a person who is convicted of DUI and who has a prior offense within the last five years has a significantly higher minimum punishment than a person who has no prior offenses. Under RCW 46.61.5055(8)(a)(vi),[1] also effective September 1, 1995, "prior offenses" are defined as either convictions under the DUI statutes or deferred prosecutions "under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance." The trial court counted the deferred prosecution as a "prior offense" and accordingly subjected Jenkins to the enhanced minimum punishment imposed by the new statute.

Division Three of this court, in *City of Richland v.*

---

[1]This section is now codified as RCW 46.61.5055(11)(a)(vii) and contains the same language as the statute in effect at the time Jenkins was arrested.

*Michel*,[2] addressed constitutional challenges to the enhanced minimum punishment prescribed by RCW 46.61.5055 and found no merit to those challenges. We granted discretionary review of Jenkins' factually similar appeal to address his nonconstitutional arguments (based upon statutory interpretation) that a charge which is dismissed following a deferred prosecution is not a "prior offense."

In support of this contention, Jenkins cites *State v. Cruz*,[3] a recent case from our Supreme Court. The court in *Cruz* held that the 1990 amendments to the sentencing reform act of 1981[4] (SRA) were not retroactive and thus did not revive a previously "washed out" rape conviction for sentencing purposes.[5] Jenkins contends that "like the prior sex offense that 'washed out' in *Cruz*, Jenkins' 1993 deferred prosecution was removed from his criminal history when the charges were dismissed in 1995."

Jenkins' analogy is not on point. First, the existence of a DUI charge is not "removed" from one's record after completion of a deferred prosecution treatment program.[6] Instead, a record of the charge and deferred prosecution remain for some years thereafter.[7] Second, under the statutory provisions applicable here, the courts have always taken into account deferred prosecutions for sentencing purposes. While sentencing courts have thus considered deferred prosecutions, either discretionarily or as mandated by statute, a "washed out" conviction was treated as a fact the sentencing court was barred from considering before the 1990 amendments to the SRA. Finally, a record of a DUI charge and deferred prosecution is not analogous to a prior conviction, washed out or otherwise. Deferred prose-

---

[2]89 Wn. App. 764, 950 P.2d 10 (1998).

[3]139 Wn.2d 186, 985 P.2d 384 (1999).

[4]RCW 9.94A.

[5]*State v. Cruz*, 139 Wn.2d 186, 985 P.2d 384 (1999).

[6]*Michel*, 89 Wn. App. at 769.

[7]*Id.*

cution is designed to encourage treatment of culpable people whose conduct is caused by a treatable condition, like alcoholism.[8] Such people are given an opportunity to avoid conviction if they successfully complete treatment.[9] Deferred prosecution is not equivalent to a guilty plea or a conviction. It is a form of preconviction sentencing or probation under which an accused must allege under oath that the culpable conduct charged is the result of alcoholism, drug addiction or mental problems.[10] The accused must execute a statement that acknowledges his or her rights, stipulates to the admissibility and sufficiency of the facts in the police report, and acknowledges that the statement will be entered and used to support a finding of guilt if the deferred prosecution is revoked.[11] In short, both the purposes and effects of deferred prosecutions differ from convictions. *Cruz* is thus inapposite.

Jenkins also argues that the term "prior offense" is ambiguous because the statute does not specify whether previously dismissed deferred prosecutions should be treated as prior offenses or whether the term applies only to deferred prosecutions which have been granted under RCW 10.05 but not yet dismissed.

■ ■ "In judicial interpretation of statutes, the first rule is 'the court should assume that the legislature means exactly what it says. Plain words do not require construction.' "[12] In enacting RCW 46.61.5055(8)(a)(vii), the Legislature unequivocally specified a deferred prosecution that has been "granted." It did not specify a deferred prosecution that was "granted and dismissed" or "granted but not yet dismissed." We assume that the Legislature meant exactly what it said—"granted," whether or not ultimately

---

[8]*Id.* at 768.

[9]*Id.* at 769.

[10]*Id.*

[11]*Id.*

[12]*State v. McCraw*, 127 Wn.2d 281, 288, 898 P.2d 838 (1995) (quoting *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991)).

dismissed. Therefore, it is the "granting" of the prior deferred prosecution that triggers its treatment as a prior offense in subsequent DUI offenses. Because the plain unambiguous words of the statute do not require construction, our analysis ends. The trial court properly concluded that the 1992 DUI offense which was dismissed after deferred prosecution is now a prior offense, and we thus affirm.

KENNEDY, C.J., and ELLINGTON, J., concur.

Review denied at 141 Wn.2d 1007 (2000).