[No. 19125-7-III.   Division Three.   February 8, 2001.]

THE CITY OF WALLA WALLA, *Respondent*, v. MELVIN A. TOPEL, *Petitioner*.

*Robert W. Van Dorn* (of *McAdams, Ponti & Wernette, P.S.*), for petitioner.

*Timothy J. Donaldson, City Attorney*, for respondent.

KURTZ, C.J. — Melvin Topel was charged with driving while under the influence of an intoxicating liquor and/or drug (DUI) in February 1999. Seven years earlier, he had received a deferred prosecution for a prior DUI. When he requested a second deferred prosecution for the 1999 charge, the court denied the request, based on changes to the deferred prosecution statute that became effective January 1, 1999. The changes to the statute limit a DUI defendant to one deferred prosecution. Mr. Topel appeals, contending that the amendments to the statute are ambiguous and can be reasonably interpreted to provide one deferred prosecution after the effective date of the amendments. Alternatively, Mr. Topel argues that the amendments violate ex post facto principles because the amendments change the consequences of his first DUI. We conclude the trial court did not err by ruling Mr. Topel was not eligible for a second deferred prosecution of a DUI under RCW 10.05.010. We further conclude that the amendments to RCW 10.05.010 and RCW 10.05.160 do not violate ex post facto principles. We affirm Mr. Topel's conviction.

## FACTS

Melvin Topel was charged in February 1999 with a DUI. Previously, Mr. Topel had been charged in May 1992 with a

DUI and was granted a deferred prosecution on that charge in July 1992. The charge was dismissed after he completed the deferred program in April 1995.

After his arrest on the current charge, Mr. Topel petitioned in the Walla Walla District Court for a deferred prosecution. The court denied the request based on the January 1, 1999 amendments to the statute governing deferred prosecution. RCW 10.05.010 was revised to read:

> A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020. Such person shall not be eligible for a deferred prosecution program more than once in any five-year period.

LAWS OF 1998, ch. 208, § 1. RCW 10.05.160 was also revised:

> The prosecutor may appeal an order granting deferred prosecution on any or all of the following grounds:
>
> (1) Prior deferred prosecution has been granted to the defendant within five years;

LAWS OF 1998, ch. 208, § 4. The court interpreted the amendments to preclude Mr. Topel from a deferred prosecution because he had already had his May 1992 DUI prosecution deferred.

After the court denied his deferred prosecution request, Mr. Topel stipulated to the facts and the court found him guilty of the February 1999 DUI charge. He appealed the denial of his deferred prosecution to the superior court in Walla Walla County. The superior court affirmed the district court and entered a decision and mandate. Mr. Topel was granted discretionary review by this court.

## ANALYSIS

"An appellate court reviews issues regarding statutory construction de novo." *State v. Hahn*, 83 Wn. App. 825, 831, 924 P.2d 392 (1996); *State v. Kuhn*, 74 Wn. App. 787, 790, 875 P.2d 1225 (1994). "A court interprets a statute so as

to give effect to the Legislature's intent in creating the statute." *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991) (citing *Longview Fibre Co. v. Cowlitz County*, 114 Wn.2d 691, 696, 790 P.2d 149 (1990)). " 'When the words in a statute are clear and unequivocal, this court is required to assume the Legislature meant exactly what it said and apply the statute as written.' " *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000) (quoting *In re Custody of Smith*, 137 Wn.2d 1, 8, 969 P.2d 21 (1998)).

Statutes should be construed to effect their purpose. Unlikely, absurd or strained consequences should be avoided. *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990). When a statute is susceptible to differing interpretations, the construction that best advances the overall intent of the Legislature will be adopted. *Hart v. Peoples Nat'l Bank*, 91 Wn.2d 197, 203, 588 P.2d 204 (1978).

"If the statute is unambiguous, its meaning is to be derived from the language of the statute alone." *Cherry*, 116 Wn.2d at 799 (citing *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988)). "If, however, the intent of the statute is not clear from the language of the statute by itself, the court may resort to statutory construction. Such construction may include the consideration of legislative history." *Cherry*, 116 Wn.2d at 799 (citing *Dep't of Transp. v. State Employees' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982)).

In 1998, the State Legislature passed Second Substitute House Bill 3089, entitled "Drunk Driving—Limiting Deferred Prosecution Program Eligibility." *See* LAWS OF 1998, ch. 208. The act was effective on January 1, 1999. Among other changes, the act amended RCW 10.05.010 and RCW 10.05.160.

RCW 10.05.010 was revised to read:

A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020. Such person shall not be

eligible for a deferred prosecution program more than once ~~in any five-year period~~.

LAWS OF 1998, ch. 208, § 1. RCW 10.05.160 was revised:

> The prosecutor may appeal an order granting deferred prosecution on any or all of the following grounds:
>
> (1) Prior deferred prosecution has been granted to the defendant ~~within five years~~;

LAWS OF 1998, ch. 208, § 4. Mr. Topel argues that these revisions are ambiguous because it can be construed either that a defendant is eligible to receive one deferred prosecution in a lifetime, or one deferred prosecution after January 1, 1999, the effective date of the act. Mr. Topel bases his argument on the assertion that throughout the legislative history the word "lifetime" appears, yet that word is "conspicuously" absent from the final text.

However, Mr. Topel's interpretation of the amendments is not based on the plain meaning of the words, nor does his interpretation best advance the overall intent of the Legislature. First, the plain meaning of the amendments is clear: a defendant may receive one and only one deferred prosecution in his or her lifetime. The Legislature took away the ability to obtain deferred prosecution once every five years. Instead, the new language allows one deferred prosecution.

Moreover, as the State points out, Mr. Topel's interpretation that a defendant may have one deferred prosecution after the effective date could lead to an absurd result—a defendant could receive a deferred prosecution for both a December 31, 1998 conviction as well as for a January 2, 1999 conviction. The Legislature eliminated the five-year waiting period between deferred prosecutions not to allow such deferrals more frequently, but to allow them less frequently. Ample evidence of this intent is found not only in the plain text, but also in the legislative history. Both the text of the amendments and the legislative history indicate that, by these changes, the Legislature intended to allow one deferred prosecution per lifetime per defendant.

Mr. Topel also contends that the amendment offends ex post facto principles because the amendment renders his

1992 deferred prosecution the only deferred prosecution he may ever use. A statute violates ex post facto laws if it imposes punishment for an act which was not punishable when committed or increases the punishment that was attached to the crime when it was committed. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994); *City of Richland v. Michel*, 89 Wn. App. 764, 773, 950 P.2d 10 (1998).

A statute is not retroactive merely because it relates to prior facts or transactions where it does not change their legal effect. Nor is a statute retroactive "because some of the requisites for its actions are drawn from a time antecedent to its passage or because it fixes the status of a person for the purposes of its operation." *State v. Scheffel*, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973). In this case, the amendments to RCW 10.05.010 and RCW 10.05-.160 do not increase or enhance punishment for a DUI crime committed before the effective date. Rather, these provisions apply prospectively to new DUIs committed after January 1, 1999, and affect the punishment for those offenses. *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997).

A defendant is deemed on notice of a change in the law upon its effective date. For example, in *Scheffel*, 82 Wn.2d at 878, the defendants each had two convictions for driving while intoxicated. Subsequently, the Washington Habitual Traffic Offenders Act, chapter 46.65 RCW, became law. Upon each defendant's third conviction, they were sentenced under the new act. They complained, contending that the act was applied retroactively because it imposed a new penalty on previous acts. The court disagreed, and stated that upon the effective date of the new act, the defendants were deemed "on notice that if they accrued one more violation within the statutory period, they would be classified as habitual offenders. . . . But for the additional violation they would not be classified as habitual offenders." *Scheffel*, 82 Wn.2d at 878.

Similarly, in *City of Richland v. Michel*, the defendant had entered into deferred prosecution at the time when the

law provided that a deferred prosecution could be used to enhance a sentence for additional offenses within a five-year period. Subsequently, the law was changed. The new statute provided that a person convicted of a DUI who has one prior offense within five years must be punished by imposition of at least 45 days in jail, among other penalties. The new statute defined prior offenses as including deferred prosecutions. *Michel*, 89 Wn. App. at 768. Mr. Michel received a second DUI after the new law took effect. He complained that the new law constitutes an ex post facto violation. The court held that, as with the habitual offender statutes, Mr. Michel was on notice upon the effective date of the new law that an additional violation would enhance the penalty. *Id.* at 773.

In this case, Mr. Topel should be deemed on notice that as of January 1, 1999, a DUI charge would preclude any additional deferred prosecutions. This is not an enhanced punishment for his former DUI, but rather a new penalty for any future DUI violations after January 1, 1999. As the court noted in *Scheffel*, "[i]t was the final violation which brought them within the ambit of the act." *Scheffel*, 82 Wn.2d at 878. The amendments to RCW 10.05.010 and RCW 10.05.160 do not violate ex post facto principles nor are the amendments retroactive.

Affirmed.

SCHULTHEIS and KATO, JJ., concur.