43 P.3d 1246 (2002)
110 Wash.App. 741
STATE of Washington, Respondent,
v.
Robert SELL and Heidi Gillenwater, Petitioners.
Nos. 48017-1-I, 48018-9-I.
Court of Appeals of Washington, Division 1.
April 1, 2002.
*1247 Tom P. Conom, Edmonds, for Appellants.
Deanna Jennings Fuller, Allyson K. Zerba, King County Prosecuting Attorneys, Seattle, for Respondent.
COLEMAN, J.
Heidi Gillenwater and Robert Sell petitioned for deferred prosecution for driving under the influence (DUI) in 1999. RCW 10.05.010, effective January 1, 1999, allows a deferred prosecution for such a charge not "more than once." On a RALJ appeal, the court below denied their petitions for deferred prosecution because they had received deferred prosecutions in the past. They argue that they earned eligibility for deferred prosecution before 1999 under the previous statute and that applying the present statute retroactively violates ex post facto, due process, and equal protection clauses of the federal and state constitutions. Because the present statute applies to appellants' 1999 DUI charges prospectively and does not violate constitutional guarantees, we affirm.

FACTS
Heidi Gillenwater received a deferred prosecution in 1989 for driving while intoxicated (DWI). Ten years later, on September 9, 1999, a state patrol officer arrested Gillenwater for driving under the influence (DUI) and reckless driving. After being charged by the State for DUI, Gillenwater petitioned for deferred prosecution. The district court granted Gillenwater deferred prosecution. The State appealed.
Similarly, Robert Sell received a deferred prosecution in 1989 for DWI. On June 22, 1999, authorities cited him for DUI and hit/ run attended. The district court denied Sell's petition for deferred prosecution because he received deferred prosecution in the past. Sell appealed to the King County Superior Court. The court consolidated the appeals.
In affirming the decision in Sell's case and reversing Gillenwater's deferred prosecution, the court adopted the reasoning of the RALJ decision in State v. Mitzel, No. 00-1-02238-3 (King County Super. Ct. Feb. 27, 2001). In Mitzel, the court found that the defendant was not eligible for more than one deferred prosecution under the newly amended RCW 10.05.010. In its oral decision in this case, the court concluded that the statute was unambiguous in stating that a person could receive a deferred prosecution only one time. Gillenwater and Sell appealed to this court. A commissioner of this court has stayed the separate appeal in Mitzel pending our discretionary review of this consolidated case.

*1248 DISCUSSION

I. Deferred Prosecution

Gillenwater and Sell argue that they earned eligibility for deferred prosecution before the Legislature amended RCW 10.05.010 in 1999. We review issues regarding statutory construction de novo. City of Walla Walla v. Topel, 104 Wash.App. 816, 819, 17 P.3d 1244 (2001). When a statute is unambiguous, we derive its meaning from the plain language of the statute alone. Topel, 104 Wash.App. at 820, 17 P.3d 1244. RCW 10.05.010 states: "A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW ... shall not be eligible for a deferred prosecution program more than once." The plain language of RCW 10.05.010 prohibits a person from receiving deferred prosecution more than once.
Before 1999, the statute allowed deferred prosecution once every five years. Former RCW 10.05.010 (1998). In Topel, Division Three ruled that the Legislature removed eligibility for deferred prosecution once every five years and read the statute to allow only one deferred prosecution in a person's lifetime. Topel, 104 Wash.App. at 821, 17 P.3d 1244. We agree. Because the statute is unambiguous, we need not look beyond the statute's plain meaning. There is no need to review other statutes or apply the rule of lenity, as appellants assert, to construe the statute. Since appellants already have received deferred prosecutions, they are no longer eligible for the program.
Even if the intent of the Legislature is not clear from the language of the statute alone, it is indeed clear by its legislative history. Topel, 104 Wash.App. at 820, 17 P.3d 1244. Throughout the history of the amendment in the Legislature, the House Journal describes it as "Limiting eligibility for the deferred prosecution program to once in a lifetime." (H.B.3089), 55th Leg., Reg. Sess. at 428, 481, 771 (Wash.1998) (emphasis added); see also 2SHB 3089 Final Legislative Report, 55th Leg. Reg. Sess. 153. (Wash.1998). In the Governor's veto message, which did not veto the amendment substantively, the Governor concurred in this interpretation:
I am returning herewith, without my approval as to section 6, Second Substitute House Bill No. 3089 entitled:
"AN ACT Relating to drunk driving;"
2SHB 3089 allows a person to dispose of a DUI case by deferred prosecution only once in a lifetime, and reinstates the deferred charge if the person has a second DUI within five years. I strongly agree with this legislation; however, one section is problematic.
Section 6 ... would require that the Office of Financial Management verify claims from local governments for increased levels of services mandated by the act. This section would add an unnecessary additional bureaucratic layer....
For this reason, I have vetoed section 6 of Second Substitute House Bill No. 3089.
With the exception of section 6, Second Substitute House Bill No. 3089 is approved.
Final Legislative Report, 55th Leg., Reg. Sess. 153-54 (Wash.1998) (emphasis added). Because the legislative history supports the construction that RCW 10.05.010 allows only one deferred prosecution in a lifetime, we conclude that this is the intent of the statute.
Nonetheless, Gillenwater and Sell argue that this construction impermissibly applies retroactively and revives deferred prosecutions previously washed out. There is a general presumption that statutes apply prospectively only. State v. McClendon, 131 Wash.2d 853, 861, 935 P.2d 1334 (1997). Here, as in Topel, the trial court correctly applied RCW 10.05.010 prospectively to DUIs committed in 1999. Topel, 104 Wash. App. at 822, 17 P.3d 1244. Appellants' main argument is that their prior deferred prosecutions washed out after five years under former RCW 10.05.010 just like a prior conviction had washed out for sentencing purposes in State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999). Unlike the prior conviction in Cruz, however, a deferred prosecution does not wash out. City of Kent v. Jenkins, 99 Wash.App. 287, 289-90, 992 P.2d 1045, review denied, 141 Wash.2d 1007, 10 P.3d 1073 (2000). A deferred prosecution is not equivalent to a conviction. Jenkins, 99 Wash.App. at 290, 992 P.2d 1045. Rather, it *1249 is a preconviction program designed to encourage treatment and allow a person to avoid a conviction upon successful completion of the program. Jenkins, 99 Wash.App. at 290, 992 P.2d 1045. Cruz is inapposite.
Appellants make a similar argument citing State v. T.K., 139 Wash.2d 320, 987 P.2d 63 (1999). In T.K., three juveniles moved to seal their respective juvenile court records under a statute that made them eligible for such relief. T.K., 139 Wash.2d at 323, 987 P.2d 63. They did not move to seal the records, however, until after a statutory amendment became effective and imposed stiffer conditions, making them ineligible at the time. T.K., 139 Wash.2d at 323-26, 987 P.2d 63. RCW 13.50.050(10) and (11) exclusively define the conditions for sealing juvenile records and impose a mandatory obligation to seal if a juvenile completes the statutory conditions. T.K., 139 Wash.2d at 331, 987 P.2d 63. The Washington Supreme Court concluded that the juveniles could seal their records upon satisfying the statutory conditions in place before the amendment because of the subject matter and mandatory language of the statute. T.K., 139 Wash.2d at 335, 987 P.2d 63. In other words, just as the passing of a statute of limitations period requires dismissal of a case, meeting the statutory obligations for sealing juvenile records creates an absolute and vested right to such relief. T.K., 139 Wash.2d at 334, 987 P.2d 63.
T.K. is distinguishable, however, because former RCW 10.05.010 (1998) does not contain a mandatory obligation to grant a deferred prosecution five years after the last grant. Unlike RCW 13.50.050(11), the statute at issue is not self-executing and does not create an absolute and vested right. Under RCW 10.05.010, a person must first face a charge of a misdemeanor or gross misdemeanor before petitioning the court for a deferred prosecution program. Whereas a juvenile can make a motion to seal juvenile court records immediately after fulfilling the obligations under RCW 13.50.050(11), no statute grants a person the absolute, vested right to petition for deferred prosecution until after he or she faces a new misdemeanor or gross demeanor charge. Because Gillenwater and Sell committed their new DUIs after the Legislature amended RCW 10.05.010, the trial court properly applied the new statute prospectively to the new charges and found appellants ineligible for deferred prosecution.

II. Ex Post Facto

Gillenwater and Sell argue that the above construction of the statute violates ex post facto clauses of the federal and state constitutions because it increases the punishment for their crimes by denying deferred prosecution. In this context, a statute violates ex post facto principles if it increases the quantum of punishment for a crime after the defendant committed the crime or is disadvantageous to the defendant by altering the standard of punishment that existed under prior law. State v. Schmidt, 143 Wash.2d 658, 673, 23 P.3d 462 (2001). In their brief, Gillenwater and Sell point out how they would have received a more advantageous standard of punishment and, indeed, a lesser punishment if they were eligible for deferred prosecution. This is obvious but misses the point. RCW 10.05.010 could not have increased the quantum of punishment after the fact because the Legislature amended the statute before Gillenwater and Sells committed their new DUIs in 1999. The statute applies prospectively to their new charges and does not increase punishment for past acts. Likewise, the statute did not alter the standard of punishment for a crime already committed, but only for future conduct. We conclude that the application of RCW 10.05.010, as amended, did not violate ex post facto principles.

III. Due Process

Appellants assert that applying the amended statute to them violates due process because it enhances punishment without adequate notice, citing State v. Cosner, 85 Wash.2d 45, 50, 530 P.2d 317 (1975) (defendants were misinformed as to the mandatory minimum sentence before entry of guilty pleas). We disagree. Due process requires fair notice of proscribed conduct. Michel v. City of Richland, 89 Wash.App. 764, 770, 950 P.2d 10 (1998). Granted, the *1250 State must accurately communicate all direct consequences of a guilty plea before its entry. Cosner, 85 Wash.2d at 50, 530 P.2d 317. Unlike guilty pleas, however, due process does not require written notice of all the consequences of deferred prosecutions. Michel, 89 Wash.App. at 770, 950 P.2d 10.
In Michel, the Court of Appeals found no violation of due process after a new statute enhanced the defendant's sentence for DUI because he received deferred prosecution in the past, even though he received no written notice of this consequence. Michel, 89 Wash.App. at 770, 950 P.2d 10. Similarly here, there is no due process requirement that appellants receive written notice of amended RCW 10.05.010. They are deemed on notice upon the effective date of the amended statute. City of Walla Walla v. Topel, 104 Wash.App. 816, 822-23, 17 P.3d 1244 (citing State v. Scheffel, 82 Wash.2d 872, 878, 514 P.2d 1052 (1973)). We find no due process violation.

IV. Equal Protection

Finally, Gillenwater and Sell contend that the amended statute violates equal protection guaranties because it applies only to persons charged with criminal traffic offenses and not to persons charged with other offenses. The equal protection clauses of the federal and state constitutions require similar treatment under the law for similarly situated persons. Michel, 89 Wash.App. at 771, 950 P.2d 10. Both parties agree that we apply the rational basis test. Appellants have the burden to prove that the class created by RCW 10.05.010 is not rationally related to achieving a legitimate state interest. State v. Shawn P., 122 Wash.2d 553, 561, 859 P.2d 1220 (1993); Michel, 89 Wash. App. at 771-72, 950 P.2d 10. As Division Three stated in Michel, although there is a legislative policy to afford treatment to alcoholics, the State has a legitimate interest in preventing people from repeatedly drinking and driving. Michel, 89 Wash.App. at 772, 950 P.2d 10. Just as enhancing the sentences for repeat offenders was rationally related to that interest in Michel, 89 Wash. App. at 772, 950 P.2d 10, limiting DUI offenders to one deferred prosecution in a lifetime to obtain treatment has the same rational basis. We conclude that RCW 10.05.010, as amended, does not violate equal protection principles.

CONCLUSION
We hold that in amending RCW 10.05.010, the Legislature intended to limit eligibility for deferred prosecution to once in a lifetime. The amended statute applies prospectively to appellants and denies them deferred prosecution for DUIs committed in 1999. There is no constitutional violation in applying the statute to their situations.
We affirm.
BAKER, A.C.J., and GROSSE, J., concur.