67 P.3d 1105 (2003)
STATE of Washington, Respondent,
v.
Andrew PREUETT, Appellant.
No. 50355-3-I.
Court of Appeals of Washington, Division 1.
March 10, 2003.
Publication Ordered April 28, 2003.
*1106 Cherly Aza, Washington Appellate Project, Seattle, WA, for Appellant.
Janice Conroy Albert, Snohomish County Pros. Office, Everett, WA, for Respondent.
PER CURIAM.
Andrew Preuett challenges his sentence for vehicular homicide, arguing that the 24-month *1107 sentence enhancement added due to a deferred driving under the influence of alcohol prosecution violates due process, the ex post facto clause, and the Supreme Court's decision in State v. Cruz, 139 Wash.2d 186, 985 P.2d 384 (1999). We reject his arguments and affirm.

FACTS
In 1994, Preuett was convicted for driving under the influence of alcohol (DUI). In 1996, he entered a deferred prosecution for a second DUI. That charge was dismissed when he successfully completed the deferred prosecution in 1998.
Effective January 1, 1999, the legislature amended the vehicular homicide statute by adding a 24-month sentence enhancement for each prior DUI offense:
(1) When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle:
(a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502; or
....
(2) Vehicular homicide is a class A felony punishable under chapter 9A.20 RCW, except that, for a conviction under subsection(1)(a) of this section, an additional two years shall be added to the sentence for each prior offense as defined in RCW 46.61.5055.

RCW 46.61.520 (emphasis added). The legislature also amended the definition of "prior offense" to include deferred prosecutions. RCW 46.61.5055(11).
In February 2002, Preuett pled guilty to vehicular homicide. The court sentenced him to the low end of the standard range, 31 months, and added one 24-month enhancement for his 1994 DUI and an additional 24-month enhancement for his deferred prosecution. Preuett appeals his sentence.

DISCUSSION
Preuett argues the 24-month sentence enhancement violates due process and the ex post facto clause. He also argues the enhancement violates the Supreme Court's decision in Cruz because the vehicular homicide statute was not amended to include enhancements until after he had completed his 1996 deferred prosecution and the DUI charges had been dismissed.
Due Process. The due process clause requires fair notice of proscribed criminal conduct and standards to prevent arbitrary enforcement. City of Richland v. Michel, 89 Wash.App. 764, 770, 950 P.2d 10 (1998) (citing State v. Becker, 132 Wash.2d 54, 61, 935 P.2d 1321 (1997)). Citing Immigration & Naturalization Service v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), Preuett argues his deferred prosecution agreement did not give him fair notice that an enhanced sentence was a possible consequence of the agreement. We disagree. In St. Cyr, the immigration statutes regarding deportation of criminal aliens were amended to make deportation on conviction more likely. The Supreme Court held that because it was likely aliens factored potential immigration consequences into the decision to plead guilty, fair notice of the consequence was required at the time of the plea. We agree with Preuett that the State must accurately communicate all direct consequences of a guilty plea before its entry. State v. Cosner, 85 Wash.2d 45, 50, 530 P.2d 317 (1975). Unlike guilty pleas, however, due process does not require written notice of all the consequences of deferred prosecutions. Michel, 89 Wash.App. at 770, 950 P.2d 10.
In Michel, we found no violation of due process after a new statute enhanced the defendant's sentence for DUI because he received deferred prosecution in the past, even though he received no written notice of this consequence. Michel, 89 Wash.App. at 770, 950 P.2d 10; see also State v. Sell, 110 Wash.App. 741, 749, 43 P.3d 1246 (2002) (same), review denied, 147 Wash.2d 1016, 56 P.3d 991 (2002). Similarly here, there is no due process requirement that Preuett receive written notice when the legislature amended the vehicular homicide statute to include deferred prosecutions as sentence enhancements. He is deemed on notice upon the effective date of the amended statute. Sell, 110 Wash.App. at 749, 43 P.3d 1246. We find no due process violation.
*1108 Ex Post Facto. A statute violates the prohibition against ex post facto laws, see U.S. Const. art. I, § 10, cl. 1; Const. art. I, § 23, if it imposes punishment for an act which was not punishable when committed or increases the punishment that was annexed to the crime when it was committed. State v. Ward, 123 Wash.2d 488, 496, 869 P.2d 1062 (1994); Michel, 89 Wash.App. at 773, 950 P.2d 10. But RCW 46.61.520 does not increase or enhance punishment for a crime committed before the effective date of the statute. It applies prospectively only to crimes committed after January 1, 1999. Preuett is deemed on notice of the amendment upon its effective date, Sell, 110 Wash.App. at 749, 43 P.3d 1246; Michel, 89 Wash.App. at 773, 950 P.2d 10, and he could have avoided the impact of RCW 46.61.520 by restraining himself from committing vehicular homicide. Michel, 89 Wash.App. at 773, 950 P.2d 10 (citing State v. Scheffel, 82 Wash.2d 872, 878-79, 514 P.2d 1052 (1973)).
State v. Cruz. In Cruz, our Supreme Court held that the 1990 amendments to the Sentencing Reform Act were not retroactive and thus did not revive a previously "washed-out" conviction for sentencing purposes. Cruz, 139 Wash.2d at 193, 985 P.2d 384. Preuett argues that like the offense that washed out in Cruz, his 1996 deferred prosecution was removed from his criminal history when the charges were dismissed in 1998. This is the same argument we rejected, however, in City of Kent v. Jenkins, 99 Wash.App. 287, 992 P.2d 1045 (2000). There, the defendant's deferred prosecution was counted as a prior offense when he was sentenced for a DUI. We held a dismissal after a deferred prosecution was unlike a washed-out conviction, and was properly considered in later sentencing:
First, the existence of a DUI charge is not "removed" from one's record after completion of a deferred prosecution treatment program. Instead, a record of the charge and deferred prosecution remain for some years thereafter.... While sentencing courts have thus considered deferred prosecutions, either discretionarily or as mandated by statute, a "washed out" conviction was treated as a fact the sentencing court was barred from considering before the 1990 amendments to the SRA. Finally, a record of a DUI charge and deferred prosecution is not analogous to a prior conviction, washed out or otherwise.... It is a form of preconviction sentencing or probation under which an accused must allege under oath that the culpable conduct charged is the result of alcoholism, drug addiction or mental problems. The accused must execute a statement that acknowledges his or her rights, stipulates to the admissibility and sufficiency of the facts in the police report, and acknowledges that the statement will be entered and used to support a finding of guilt if the deferred prosecution is revoked. In short, both the purposes and effects of deferred prosecutions differ from convictions.
Jenkins, 99 Wash.App. at 289-90, 992 P.2d 1045 (citing Michel, 89 Wash.App. at 768-769, 950 P.2d 10). Cruz is thus inapposite.

CONCLUSION
Preuett's sentence enhancements for his deferred prosecutions do not violate due process, the ex post facto clause, or the Supreme Court's decision in Cruz.
Affirmed.