[No. 22606-9-III.   Division Three.   June 21, 2005.]

THE CITY OF SPOKANE, *Respondent*, v. STEPHEN WHITEHEAD, *Petitioner*.

146

*Phillip J. Wetzel*, for petitioner.

*Michael F. Connelly, City Attorney*, and *Michelle D. Szambelan, Assistant*, for respondent.

¶1 SWEENEY, A.C.J. — State traffic laws permit only one lifetime deferred prosecution for the gross misdemeanor of driving while under the influence (DUI). RCW 10.05.010(2). The City of Spokane charged Stephen Whitehead under the city DUI ordinance, which does not expressly limit the number of deferred prosecutions. Spokane Municipal Code (SMC) 16.61.502. Mr. Whitehead petitioned for deferred prosecution. The municipal court denied his petition because the courts had previously granted him one. The question before us is whether the state statute (permitting no more than one deferred prosecution) controls a prosecution for DUI under a municipal ordinance. We conclude it does and affirm the superior court judgment to that effect.

## FACTS

¶2 Stephen Whitehead has an extensive history of driving offenses, including several DUIs. Mr. Whitehead had received a deferred prosecution for one of his past DUIs.

¶3 The city of Spokane (City) charged Mr. Whitehead with several municipal code violations and a couple of state statute violations arising from a single traffic incident in July 2002. Among these the City charged DUI in violation of SMC 16.61.502.

¶4 Mr. Whitehead petitioned the municipal court for a deferred prosecution of the DUI charge. The court concluded it lacked the power to grant a deferred prosecution because Mr. Whitehead had received one before. Without objection from the City, the superior court accepted Mr. Whitehead's petition for a writ of review. The question presented to the superior court was whether a person charged under a municipal ordinance was categorically ineligible for a second deferred prosecution under RCW 10.05.010(2). That statute provides that an offender charged under Title 46 RCW[1] cannot receive a second deferred prosecution.

¶5 The superior court ruled that the limit of one deferred prosecution per lifetime applies even to persons charged under municipal ordinances.

¶6 We granted discretionary review.

## DISCUSSION

¶7 The question before us is whether the one deferred prosecution rule of RCW 10.05.010(2) applies to DUIs charged under a municipal code.

¶8 Mr. Whitehead argues that the language of RCW 10.05.010(2) is plain. It precludes a second deferred prosecution for a person charged with offenses under Title 46 RCW (the state statutory motor vehicle scheme). And it says nothing about municipal code violations. The City responds that its municipal code expressly incorporates the DUI provisions of the state statutes. A DUI violation under chapter 16.61 SMC is, therefore, a per se gross misdemeanor under the equivalent provisions of Title 46 of the

---

[1] Governing the licensing and operation of motor vehicles.

RCW. And this comports with judicial decisions requiring uniformity between local and state traffic laws. *City of Seattle v. Williams*, 128 Wn.2d 341, 350, 908 P.2d 359 (1995).

■ ¶9 We review the superior court's interpretation of statutes de novo. *City of Walla Walla v. Topel*, 104 Wn. App. 816, 819, 17 P.3d 1244 (2001). The goal of statutory interpretation is to give effect to the intent of the legislature. *Hubbard v. Dep't of Labor & Indus.*, 140 Wn.2d 35, 43, 992 P.2d 1002 (2000). We base our interpretation solely on the language of the statute if the language is plain. *Johnson v. Kittitas County*, 103 Wn. App. 212, 217, 11 P.3d 862 (2000).

■ ¶10 The disputed provision of the statute reads: "A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for . . . a deferred prosecution program more than once." RCW 10.05.010(2).

¶11 We begin our analysis by noting that a DUI in violation of SMC 16.61.502 is a gross misdemeanor. SMC 16.61.502(5). Mr. Whitehead contends, nonetheless, that gross misdemeanor DUI under SMC 16.61.502 is something other than gross misdemeanor DUI under RCW 46.61.502. And we therefore must attach different consequences to it.

¶12 But the provisions of Title 46 RCW apply uniformly throughout the state:

> The provisions of this title relating to vehicles *shall be applicable and uniform throughout this state* and in all incorporated cities and towns and all political subdivisions therein and *no local authority shall enact or enforce any law, ordinance, rule or regulation in conflict with the provisions of this title* except and unless expressly authorized by law to do so and any laws, ordinances, rules or regulations in conflict with the provisions of this title are hereby declared to be invalid and of no effect. Local authorities may, however, adopt additional vehicle and traffic regulations which are not in conflict with the provisions of this title.

RCW 46.08.020 (emphasis added).

¶13 And a city DUI ordinance that permitted (or as urged here, might be read as permitting) more than one deferred prosecution would be in conflict with the state statutory scheme and "invalid and of no effect." RCW 46.08.020. Mr. Whitehead would be entitled to only one deferred prosecution under state law. And he is therefore entitled to only one deferred prosecution under city law. *Williams*, 128 Wn.2d at 342-43.

¶14 The City also asks us to review whether the superior court should have accepted review under a statutory writ in the first place. But not only did the City not challenge the writ petition below, it acquiesced in the issuance of the writ. Mr. Whitehead's writ application is based in part on the City's agreement that a writ should issue. Clerk's Papers at 1. RAP 2.5(a) applies to the state as well as defendants: we will not review a challenge to a court ruling that was not raised at the proper time. *State v. Espinoza*, 112 Wn.2d 819, 823, 774 P.2d 1177 (1989).

¶15 We affirm the superior court decision that Mr. Whitehead is entitled to only one lifetime deferred prosecution.

KURTZ and BROWN, JJ., concur.

Review denied at 156 Wn.2d 1021 (2006).