[No. 23063-5-III.   Division Three.   August 16, 2005.]

THE CITY OF YAKIMA, *Respondent*, v. PETER MARTIN SKOV, *Petitioner*.

*Peter Martin Skov*, pro se.

*Hugh M. Spall, Jr.*, for petitioner.

*Ray Paolella, City Attorney*, and *Cynthia I. Martinez, Assistant*, for respondent.

¶1 BROWN, J. — Peter Skov was convicted of driving under the influence (DUI). The superior court affirmed. We granted discretionary review on the sole issue of "the application of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531, 2536 (2004) to the deferred prosecution used to enhance Mr. Skov's sentence." Commissioner's Ruling, Sept. 7, 2004. RAP 2.3(e). We hold that *Blakely* does not apply to overcome existing authority permitting the trial court to enhance Mr. Skov's sentence based upon his deferred prosecution. Accordingly, we affirm without reaching the other issues raised in the motion for discretionary review.

## FACTS

¶2 Mr. Skov was convicted in a stipulated facts bench trial of DUI based upon events arising on April 3, 2001. Prior to sentencing, Mr. Skov unsuccessfully moved to strike any sentencing enhancement based on his prior deferred prosecution for DUI. He argued that using an unproven charge to enhance a sentence violates due process. The court sentenced Mr. Skov as a prior offender under RCW 46.61.5055(12)(a)(vii). Mr. Skov's conviction and sentence were affirmed by Yakima County Superior Court. The United States Supreme Court subsequently decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 2536, 159 L. Ed. 2d 403 (2004). Our commissioner granted discretionary review solely to resolve the *Blakely* issue.

## ANALYSIS

¶3 The issue is whether the trial court erred in using Mr. Skov's prior deferred prosecution to enhance his sentence in violation of his due process rights and the principles established in *Blakely v. Washington,* 542 U.S. 296.

¶4 When an individual is convicted of a DUI and has had a prior offense within the previous seven years, the trial court must impose a higher minimum sentence. RCW 46-.61.5055(2). Prior offenses include deferred prosecutions under the provisions of RCW 46.61.5055(12)(a)(vii). A deferred prosecution "is a form of preconviction sentencing or probation under which an accused must allege under oath that the culpable conduct charged is the result of alcoholism, drug addiction or mental problems." *City of Kent v. Jenkins,* 99 Wn. App. 287, 290, 992 P.2d 1045 (2000); *see also* RCW 10.05.020. In order to receive a deferred prosecution, the accused must "stipulate[ ] to the admissibility and sufficiency of the facts in the police report." *Id.*

¶5 Mr. Skov first contends his sentence violates due process principles by enhancing his sentence based on an "unproven" charge. Pet'r's Br. at 32. Washington courts have previously rejected this argument. In *Bremerton v. Tucker,* 126 Wn. App. 26, 30, 103 P.3d 1285 (2005), Division Two of this court found that defendants who receive a deferred prosecution receive "fair notice" of the consequence of an enhanced sentence on a subsequent charge. *Id.*; *see also City of Richland v. Michel,* 89 Wn. App. 764, 770-72, 950 P.2d 10 (1998) (Division Three found the inclusion of a deferred prosecution as a "prior offense" did not violate due process or equal protection).

¶6 Mr. Skov's citation to *State v. Shaffer,* 113 Wn. App. 812, 55 P.3d 668 (2002), for this proposition is inapt. In *Shaffer,* the court found the enhancement of a defendant's vehicular homicide sentence was unconstitutional because it was based on a prior conviction for reckless driving, a lesser charge of DUI. *Id.* at 817. First, *Shaffer* did not

involve a prior deferred DUI prosecution under chapter 10.05 RCW, the statute implicated here. Second, because the defendant in *Shaffer* was convicted of reckless driving, no admission of a prior DUI existed. Here, Mr. Skov was required to admit the prior DUI in order to receive a deferred prosecution. *See* RCW 10.05.020(3). Thus, no due process violation occurred.

¶7 Next, Mr. Skov argues under *Blakely*, the court could not use his prior deferred prosecution to enhance his sentence because it was not found by a jury beyond a reasonable doubt. *Blakely* requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive maximum set by the legislature. *Blakely*, 542 U.S. at 301 (" 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' ") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). The Supreme Court defined "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely*, 542 U.S. at 303.

¶8 However, judicial fact-finding is permitted when establishing standard range sentences. *See* RCW 9.94A.525; *see also* RCW 9.94A.530 (the offender score and offender seriousness level determine the standard sentencing range). The *Blakely* Court specifically noted its decision did not implicate earlier decisions upholding judicial fact-finding to establish mandatory minimums. *See Blakely*, 542 U.S. at 304-05 (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986)).

¶9 Here, consistent with *Blakely*, the court used the fact of Mr. Skov's prior deferred prosecution to establish a minimum sentence. Thus, it properly sentenced him within the standard range. *See State v. Hughes*, 154 Wn.2d. 118, 110 P.3d 192 (2005).

¶10 In sum, the trial court did not violate due process principles or the mandates of *Blakely* when using Mr. Skov's prior deferred prosecution to enhance the sentence for his DUI conviction.

¶11 Mr. Skov, pro se, argues the trial court erred in wrongfully requiring him to turn in his license to the Department of Licensing and misleading him to believe his license would be revoked. However, this issue is moot because he now has his license and we cannot offer him effective relief. *See In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986).

¶12 Affirmed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

Review denied at 156 Wn.2d 1029 (2006).