STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert J. MUENTE, Defendant-Appellant.†

Court of Appeals

*No. 90–0582. Submitted on briefs October 26, 1990.—Decided November 21, 1990.*

(Also reported in 464 N.W.2d 230.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael M. Hayes* of *Hayes & Rothstein, S.C.,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael T. Mahoney,* deputy district attorney for Washington county.

Before Brown, Scott and Anderson, JJ.

BROWN, J.   Robert J. Muente appeals from an order revoking his driving privileges for failure to consent to a breath test. His major claim is that while the motor vehicle statutes mandate specific information be given by officers to drivers requested to take a blood alcohol test, the state's "Informing the Accused" form used here inadequately provided this knowledge. We disagree and affirm.

Muente raises two issues. The first is whether the officer was required to recite the litany of possible penalties that could be imposed upon a defendant for refusal to take a test. We addressed that argument in *State v. Lucarelli,* 157 Wis. 2d 724, 460 N.W.2d 439 (Ct. App. 1990). Based upon the rationale expressed in *Lucarelli,* we affirm on this issue.

The second issue is whether the "Informing the Accused" standard form used by the officer here is contrary to the statute such that Muente was not properly informed according to law. The statute in question, sec. 343.305(4)(c), Stats., reads that at the time the chemical

test is requested of an accused, that person shall be orally informed by the law enforcement officer that:

> [i]f one or more tests are taken and the results of any test indicate that the person has a blood alcohol concentration of 0.1% or more, the person *will* be subject to penalties and the person's operating privilege will be suspended under this section. [Emphasis added.]

The form read to Muente did not use this language. Instead, it says "in addition to other penalties which *may* be imposed." (Emphasis added.) In other words, the word "may" is used instead of the word "will." The partial text of the form appears in a footnote below.[1]

Muente cites *State v. Zielke,* 137 Wis. 2d 39, 54, 403 N.W.2d 427, 433 (1987), for the proposition that when officers fail to comply with the implied consent statute, the license cannot be revoked. Defendant argues that this is the case here.

We agree with the trial court's reasoning, however, that the language used in the form substantially complies with the reasonable objective of the statute. *Midwest Mut. Ins. Co. v. Nicolazzi,* 138 Wis. 2d 192, 200, 405 N.W.2d 732, 736 (Ct. App. 1987), states that complete compliance is not required; substantial compliance will suffice if it is "actual compliance in respect to the substance essential to every reasonable objective of the statute."

The statute at issue in this case was created by 1987 Wis. Act 3. One of the major provisions of Act 3 author-

---

[1]The form reads, in part, as follows:

4. If you take one or more chemical test(s) and the results of any test indicate a blood alcohol concentration of 0.10% or more, *in addition to other penalties which may be imposed,* your operating privilege will be administratively suspended as provided under s.343.305(7) Wis. Stats. [Emphasis added.]

ized the Department of Transportation to suspend the operating privilege of any driver who tested above 0.10% BAC. According to the state, this provision, known as administrative suspension, had been under consideration by the Legislature since 1983. *See* sec. 1983 Wis. Act 459. In 1984, a legislative report was prepared by the Department of Transportation regarding the possibility of enacting an administrative suspension statute in Wisconsin. *See* Wisconsin Department of Transportation, *Administrative Revocation of Drunk Drivers in Wisconsin* (January 1, 1985). The specific statutory provision authorizing administrative suspension is contained in sec. 343.305(7), Stats. The "Informing the Accused" form was modified to include notice to drivers of the administrative suspension penalties. *See* sec. 29, 1987 Wis. Act 3.

The purpose of sec. 343.305(4)(c), Stats., therefore, is to inform the driver that administrative suspension results if any test is above 0.10% BAC. The form read to Muente adequately forewarned him of this fact. We hold that there was substantial compliance.[2]

Finally, Muente argues that the administrative suspension notice was deficient because it was for six

---

[2]A new version of the "Informing the Accused" form is presently in use. It reads in part:

4. If you take one or more chemical test(s) and the results of any test indicate a blood alcohol concentration of 0.10% or more, in addition to other penalties which may be imposed, your operating privilege will be administratively suspended as provided under s.343.305(7) Wis. Stats. The statutorily prescribed penalties resulting from a conviction for driving with a BAC of 0.10% or more include a fine or forfeiture, suspension or revocation of driving privileges, points added to your driving record, and a possible jail sentence in the event you are a repeat offender. See s.343.30 and 346.65 Wis. Stats.

months although he was subject to up to nine months if convicted. However, Muente fails to explain how he has been harmed by this event nor does he state what the law requires should this be considered an error of any dimension. We will not further consider it. *See Reiman Associates, Inc. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981).

*By the Court.*—Order affirmed.