STATE of Wisconsin, Plaintiff-Respondent,

v.

Gary A. PISKULA, Defendant-Appellant.

Court of Appeals

*No. 91-2028-CR. Submitted on briefs February 25, 1992.—Decided March 10, 1992.*

(Also reported in 483 N.W.2d 250.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey T. Jackomino* of *O'Melia, Schiek & McEldowney, S.C.* of Rhinelander.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ralph M. Uttke,* district attorney.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Gary Piskula appeals an order of revocation for refusing to submit to an Intoxilyzer test. He argues that he was not properly advised of his rights under sec. 343.305(4), Stats., because he was not informed of sec. 343.305(4)(c)2 and 3, relating to a driver of a commercial vehicle. Therefore, he argues, his revocation must be vacated. Piskula also contends that sec. 343.305(4)(c) is inconsistent with Wis. Adm. Code sec. Trans 113.04(3)(e), and, therefore, his due process rights were violated because there was no fair notice of required or prohibited conduct. We disagree. The order of revocation is affirmed.

The facts are undisputed. On April 6, 1991, Michael Rustick, a Langlade County Sheriff's Department deputy, was dispatched to investigate a report of a motor vehicle in the ditch. As Rustick approached the area, he observed Piskula behind the wheel of a Jeep that was still running and in the ditch. Piskula was attempting to drive the vehicle but the wheels were spinning and the vehicle was stuck. Rustick approached the Jeep and noticed a strong odor of alcoholic beverages around Piskula. Rustick asked Piskula if he was drunk, and Piskula admitted that he was. After observing Piskula's conduct that also indicated he was intoxicated, Rustick arrested him for drunk driving.

At the sheriff's department, Rustick issued Piskula a citation for operating a vehicle while intoxicated and

advised him of his rights under the "Informing the Accused" form. However, paragraphs five and six of the form, containing the information in sec. 343.305(4)(c)2 and 3, Stats., were not read to Piskula. Those paragraphs relate to a person who was driving or operating a commercial vehicle at the time of the offense.

After initially consenting to an Intoxilyzer test, Piskula became belligerent and refused the test. At the refusal hearing, the trial court determined that Piskula was requested to submit to an Intoxilyzer test and he refused. The trial court revoked Piskula's driving privileges.

## INFORMING THE ACCUSED

█ We first address Piskula's argument that his revocation must be vacated because he was not properly advised of his rights under sec. 343.305(4), Stats. The construction and application of a statute to undisputed facts is a question of law that we review de novo. *Gonzalez v. Teskey,* 160 Wis. 2d 1, 7–8, 465 N.W.2d 525, 528 (Ct. App. 1990). Section 343.305(4) states:

At the time a chemical test specimen is requested under sub. (3)(a) or (am), the person shall be orally informed by the law enforcement officer that:

(a) He or she is deemed to have consented to tests under sub. (2);

(b) If testing is refused, the person's operating privilege will be revoked under this section and, if the person was driving or operating or on duty time with respect to a commercial motor vehicle, the person will be issued an out-of-service order for the 24 hours following the refusal;

(c) If one or more tests are taken and the results of any test indicate that the person:

1. Has an alcohol concentration of 0.1 or more and was driving or operating a motor vehicle, the person will be subject to penalties and the person's operating privilege will be suspended under this section;

2. Has an alcohol concentration of 0.04 or more and was driving or operating a commercial motor vehicle, the person will, upon conviction of such offense, be subject to penalties and disqualified from operating a commercial motor vehicle; and

3. Has any measured alcohol concentration above 0.0 and was driving or operating or on duty time with respect to a commercial motor vehicle, the person will be subject to penalties and issuance of an out-of-service order for the 24 hours following the refusal; and

(d) After submitting to testing, the person tested has the right to have an additional test made by a person of his or her own choosing.

The "Informing the Accused" form read to Piskula parallels sec. 343.305(4), Stats. However, Rustick did not read to Piskula paragraphs five and six of the form, corresponding to sec. 343.305(4)(c)2 and 3. Those paragraphs apply only to persons driving or operating, or on duty time with respect to, commercial motor vehicles at the time of the offense. It is undisputed that Piskula was driving his personal vehicle and not a commercial motor vehicle at the time of the offense. *See* secs. 343.03, 343.04 and 343.05, Stats.

Piskula relies on *State v. Wilke,* 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989), to support his argument. He contends that under *Wilke,* a defendant must be informed of all the information contained in sec. 343.305(4), Stats. Piskula argues that there can be no exceptions. In *Wilke,* the defendant was not informed

that she would be "subject to penalties," pursuant to sec. 343.305(4)(c). We held that because this was not "compliance . . . essential to every reasonable objective of the statute," there was no substantial compliance with sec. 343.305(4), and, therefore, we reversed the order revoking the defendant's driving privileges. *Wilke,* 152 Wis. 2d at 250, 448 N.W.2d at 15 (citation omitted).

In *State v. Muente,* 159 Wis. 2d 279, 280-81, 464 N.W.2d 230, 231 (Ct. App. 1990), the defendant argued that because the statute required the officer to inform him that he "will" be subject to penalties if his BAC tested 0.10% or more and the officer actually informed him that penalties "may" be imposed, his license could not be revoked. We affirmed the order revoking the defendant's driving privileges, concluding that the "Informing the Accused" form substantially complied with the reasonable objective of sec. 343.305(4), Stats. *Muente,* 159 Wis. 2d at 281, 464 N.W.2d at 231. We reasoned that "substantial compliance will suffice if it is 'actual compliance in respect to the substance essential to every reasonable objective of the statute.' " *Id.* (quoting *Midwest Mut. Ins. Co. v. Nicolazzi,* 138 Wis. 2d 192, 200, 405 N.W.2d 732, 736 (Ct. App. 1987)).

Here, the information given to Piskula substantially complied with the requirements of sec. 343.305(4), Stats. Piskula was actually informed of all rights and penalties relating to him. He was not informed about the rights and penalties relating to drivers of commercial vehicles, but Piskula was not driving a commercial vehicle and he does not assert that he was driving or on duty time with respect to a commercial vehicle. With respect to noncommercial drivers, the reasonable objective of sec. 343.305(4) is to inform them of their rights and penalties

regarding refusal and a blood alcohol concentration (BAC) of 0.10%. It would be unreasonable to require officers to inform persons who are clearly noncommercial drivers about the rights and penalties applicable only to commercial drivers. We conclude that Piskula was properly informed of his rights pursuant to sec. 343.305(4) because there was actual compliance with respect to the substance essential to every reasonable objective of the statute. *See Muente,* 159 Wis. 2d at 281, 464 N.W.2d at 231.

## DUE PROCESS

Piskula also argues that sec. 343.305(4)(c), Stats., is inconsistent with Wis. Adm. Code sec. Trans 113.04(3)(e), and, therefore, his due process rights were violated because there was no fair notice of required or prohibited conduct. Piskula was informed that if any test resulted in a BAC of 0.10% or more, his license would be suspended. However, he suggests that he should have been advised that if his primary test resulted in a BAC of 0.10% or more and he requested an additional test that resulted in a BAC of less than 0.10%, his driving privileges would not be immediately suspended. We disagree.

Piskula contends that because sec. 343.305(4)(c), Stats., states "[i]f one or more tests are taken and the results of *any* test indicate that the person . . . [h]as an alcohol concentration of 0.1 or more . . . the person's operating privilege will be suspended . . .." (emphasis added), and sec. Trans 113.04(3)(e) states "[i]f one or more tests were administered . . . whether *each* of the test results for those tests indicate the person had a blood alcohol concentration of 0.1% or more" (emphasis

added), the statute and the administrative code rule are inconsistent, and he was not fairly informed of the law. Whether there is an inconsistency between a statute and an administrative rule, and, if so, whether that inconsistency violates due process, are questions of law. We review questions of law without deference to the trial court. *Ondrasek v. Tenneson,* 158 Wis. 2d 690, 694, 462 N.W.2d 915, 917 (Ct. App. 1990).

In *City of Mequon v. Hess,* 158 Wis. 2d 500, 463 N.W.2d 687 (Ct. App. 1990), we held that "any" in sec. 343.305(4), Stats., was consistent with "each" in sec. 343.305(8)(b)2.d,[1] which deals with what issues may be raised at an administrative hearing. We reasoned that under sec. 343.305(4), any test result over 0.10% will result in immediate license suspension, but under sec. 343.305(8)(b)2.d, the department may consider each individual test in deciding whether the suspension remains in force. *Hess,* 158 Wis. 2d at 506, 463 N.W.2d at 689. Whether each of the test results indicated a BAC of 0.10% or more can only be challenged at an administrative hearing under sec. 343.305(8)(b)2.d, not when the tests are taken. *Hess,* 158 Wis. 2d at 506, 463 N.W.2d at 689.

Similarly, sec. Trans 113.04(3)(e) is consistent with sec. 343.305(4), Stats. Chapter Trans 113 specifies the procedure for the administrative suspension of the driving privileges of someone operating a vehicle with a BAC of 0.10% or more. Under sec. Trans 113.04, a person that had his operating license immediately suspended by a police officer for operating with a BAC of 0.10% or more

---

[1]The purpose of ch. Trans 113 is to establish the department's administrative interpretation of sec. 343.305(8), Stats. *See* Wis. Adm. Code sec. Trans 113.01. Additionally, the language of sec. Trans 113.04(3)(e) is very similar to the language of sec. 343.305(8)(b)2.d.

is entitled to a review by the department. Section Trans 113.04(3)(e) deals with the issues that a person may contest at a review before the department. One issue is whether each test result, if one or more tests were administered, indicated a BAC of 0.10% or more. *Id.*

Section Trans 113.04(3)(e) does not affect Piskula's rights at the time he is asked to submit to a BAC test. Additionally, it has no bearing on Piskula's immediate suspension of driving privileges for refusing to submit to a test, or for any test result showing a BAC of 0.10% or more. Section Trans 113.04(3)(e) only indicates what issues can be presented to and considered by the department in reviewing an individual's operating privilege suspension. This review occurs only after the individual's driving privileges have been initially suspended.

Section 343.305(4), Stats., sets forth the information that Piskula must be informed about with respect to taking a BAC test. Piskula's driving privileges would have been immediately suspended if any test resulted in a BAC of 0.10% or more. *See* sec. 343.305(7), Stats. Pursuant to sec. 343.305(4)(c)1, Piskula was informed that if any test resulted in a BAC of 0.10% or more, in addition to other penalties that may be imposed, his driving privileges would be suspended. Piskula was properly informed of the law. Thus, we conclude that Piskula's due process rights were not violated.

*By the Court.*—Order affirmed.