[No. 18346-7-III.   Division Three.   February 22, 2000.]

EDWARD P. MERSEAL, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Dennis W. Morgan*, for appellant.

416

*Christine O. Gregoire, Attorney General*, and *Sharon S. Eckholm, Assistant*, for respondent.

SWEENEY, J. — The Department of Licensing (DOL) must disqualify a person from driving a commercial motor vehicle upon receipt of an appropriate report that the licensee operated a commercial vehicle with a blood alcohol in excess of .04. RCW 46.25.090(1). Edward Merseal operated a tractor-trailer rig on Washington highways with a blood alcohol in excess of .04. So DOL suspended his license. In the parallel criminal prosecution, the district court granted a deferred prosecution. The question here is whether the deferred criminal prosecution divests the DOL of authority to suspend Mr. Merseal's commercial driver's license. It does not.

A second question is whether the disparate treatment between commercial drivers and private drivers—the latter are entitled to an occupational permit even if the license is suspended—violates Mr. Merseal's right to the equal protection of law as guaranteed by the Fourteenth Amendment.[1] It does not. We therefore affirm the superior court's denial of Mr. Merseal's appeal.

## FACTS

On January 24, 1998, Edward Merseal was driving a

---

[1] "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

tractor-trailer rig on I-90 in Adams County, Washington. He had a valid Montana commercial driver's license. Washington State Patrol Trooper Mark Shepherd stopped him for speeding. The trooper detected the odor of intoxicants on Mr. Merseal's breath. Mr. Merseal appeared disoriented and did not respond to a request to perform field sobriety tests.

The trooper arrested Mr. Merseal and took him to the sheriff's office, where he was advised of his *Miranda*[2] rights and was given the required warnings about Washington's statutorily-implied consent to submit to alcohol testing. He acknowledged the warnings with his signature and consented to a breath test. Back-to-back tests produced blood alcohol readings of .147 and .154.

Pursuant to RCW 46.25.120(4), Trooper Shepherd submitted a sworn report to the DOL on January 24, 1998. Following statutory procedure, the DOL held an adjudicative hearing to determine whether there were reasonable grounds to pull him over, whether he was advised of his rights, and whether the result was a blood alcohol content of .04 or higher. RCW 46.25.120(5).

The DOL found that Trooper Shepherd had reasonable grounds to investigate Mr. Merseal's driving, and that the breath test met the statutory state toxicologist precision and accuracy standards and was therefore valid. It also found that Mr. Merseal's blood alcohol content was over .04. The DOL then suspended his commercial driver's license for one year and imposed five years probation.

The State also cited Mr. Merseal for driving while under the influence (DUI) and issued a notice of infraction for speeding. The district court granted a statutory deferred prosecution pursuant to RCW 10.05.010 on the DUI. The Grant County Superior Court granted Mr. Merseal's peti-

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3D 974 (1966).

tion for review of his license suspension and affirmed the DOL. We granted further review.

## DISCUSSION
### Commercial Driver's License Suspension

*Standard of Review.* Judicial review of a commercial license disqualification is de novo. RCW 46.20.334; RCW 46.25.120(5).

Mr. Merseal contends that a conviction on criminal charges is a prerequisite to the DOL's authority to disqualify a commercial driver's license. He believes therefore that his license is immune from the statutory civil consequences of his conduct because he received a deferred criminal prosecution under RCW 10.05.010. He is mistaken.

*Deferred Prosecution.* Deferred prosecution under RCW 10.05 is designed to encourage treatment when wrongful conduct is caused by a treatable condition, such as alcoholism. *Abad v. Cozza,* 128 Wn.2d 575, 579, 911 P.2d 376 (1996); *City of Richland v. Michel,* 89 Wn. App. 764, 768, 950 P.2d 10 (1998). It is a form of preconviction sentencing or probation whereby the offender can avoid conviction by successfully completing treatment. *Id.* at 769. To obtain a deferred prosecution for drunk driving, the accused must claim under oath that the wrongful conduct was the result of alcoholism. The petitioner then must acknowledge his rights, and stipulate to the admissibility and sufficiency of the facts in the police report. The stipulation can be used to support a finding of guilt if the deferred prosecution is revoked. RCW 10.05.020(2).

*Disqualification.* Washington's Uniform Commercial Driver's License Act, RCW 46.25, is liberally construed to protect the public. And Mr. Merseal concedes as much. The Act provides a civil remedy to protect the public from alcohol-impaired drivers of commercial vehicles. It is thus inherently remedial, and so is liberally construed to effect its purpose. *Wheeler v. Department of Licensing,* 86 Wn.

App. 83, 87, 936 P.2d 17 (1997) (interpreting the habitual traffic offender statute).

■ RCW 46.25 requires the DOL to disqualify a commercial driver's license *either* upon receipt of a report under RCW 46.25.120(4) of a refused or failed breath test *or* upon conviction. RCW 46.25.090, .120. Mr. Merseal is correct that RCW 46.25.010(7) defines a conviction, by reference to the personal driver's licensing provisions of RCW 46.20.270 (conviction of offense requiring license suspension or revocation), as a judicial determination. However, his contention that a conviction is a prerequisite for the DOL to revoke a commercial driver's license is contrary to the plain language of RCW 46.25.090(1): "A person is disqualified from driving a commercial motor vehicle for a period of not less than one year if a report has been received by the department pursuant to RCW 46.25.120 . . . ."

The DOL received Trooper Shepherd's report under RCW 46.25.120(4). It is therefore irrelevant how "conviction" is defined. And it is irrelevant whether an RCW 10.05 deferment is or is not a conviction. The report of Mr. Merseal's failed breath test is enough.

## Equal Protection

Mr. Merseal also contends that RCW 46.25.120(3) and (4)[3] create an impermissible "catch-22" that deprives him of equal protection under the Fourteenth Amendment by disqualifying a commercial license both for refusing and for failing a chemical test. Mr. Merseal also believes that equal protection precludes denying commercial drivers the possibility of a stay of disqualification available to ordinary drivers under RCW 46.20.308(10).

---

[3]"The law enforcement officer requesting the test under subsection (1) of this section shall warn the person requested to submit to the test that a refusal to submit will result in that person being disqualified from operating a commercial motor vehicle under RCW 46.25.090." RCW 46.25.120(3).

"If the person refuses testing, or submits to a test that discloses an alcohol concentration of 0.04 or more, the law enforcement officer shall submit a sworn report to the department [so] certifying . . . ." RCW 46.25.120(4).

■ *Standard of Review.* The right to equal protection of laws is guaranteed by the Fourteenth Amendment of the United States Constitution and by the privileges and immunities clause of article I, section 12 of the Washington Constitution. Both require that persons similarly situated be similarly treated for any legitimate purpose of the law. *State v. Shawn P.*, 122 Wn.2d 553, 559-60, 859 P.2d 1220 (1993). Constitutional challenges are reviewed de novo. *Fusato v. Washington Interscholastic Activities Ass'n*, 93 Wn. App. 762, 767, 970 P.2d 774 (1999).

■ *Constitutionality-Equal Protection.* We begin with a presumption in favor of the constitutionality of a statute or statutory scheme. *Charron v. Miyahara*, 90 Wn. App. 324, 328, 950 P.2d 532 (1998). Because this is an equal protection challenge, we next determine the appropriate level of scrutiny. *Fusato*, 93 Wn. App. at 767.

■ There are three levels of scrutiny. Strict scrutiny applies only when a government action threatens a fundamental right or affects a suspect class. *State v. Manussier,* 129 Wn.2d 652, 672-73, 921 P.2d 473 (1996). We apply intermediate or heightened scrutiny when a nonfundamental but important right or a semisuspect classification is affected. *Fusato*, 93 Wn. App. at 767. Finally, minimum scrutiny applies the rational basis test when the statutory classification neither involves a suspect or semisuspect class nor threatens a fundamental or important right. *State v. Heiskell*, 129 Wn.2d 113, 123-24, 916 P.2d 366 (1996); *Fusato*, 93 Wn. App. at 767.

■ Of course, no suspect class or fundamental right is at issue here. But Mr. Merseal argues that disqualification of a commercial license affects the important right to make a living and must therefore receive heightened scrutiny. We disagree. Suspension of a driver's license does not demand heightened scrutiny. *Crossman v. Department of Licensing*, 42 Wn. App. 325, 329, 711 P.2d 1053 (1985) (personal driver's license). Operating a commercial vehicle on public highways is a privilege; it is not a right. And the fact that Mr. Merseal earns his livelihood by driving a truck does not

alter the nature of the license extended by the State. It remains a privilege. The court, therefore, employs only minimum scrutiny and applies the rational basis test. We uphold the classification if the government points to a rational relationship between the classification and the legislative purpose. *American Network, Inc. v. Utilities & Transp. Comm'n*, 113 Wn.2d 59, 77-78, 776 P.2d 950 (1989).

Possession of a driver's license is recognized as an important interest for *procedural* due process analysis. *Macias v. Department of Labor & Indus.*, 100 Wn.2d 263, 268, 668 P.2d 1278 (1983) (citing *Bell v. Burson*, 402 U.S. 535, 541-42, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971)).

The same interest can, however, be "important" for procedural due process but not for equal protection analysis. *Crossman*, 42 Wn. App. at 328-29. Washington's commercial driver's licensing statute, RCW 46.25, gives weight to commercial interests by providing enhanced procedural due process. It affords both an administrative hearing and judicial review. By contrast, the general license scheme of RCW 46.20 does not permit superior court review of mandatory disqualification of a personal license. RCW 46.20.334. But RCW 46.25.120(5) does allow judicial review, even though disqualification for failing a breath test is mandatory under RCW 46.25.090.

Again, we presume the challenged statute is constitutional. To overcome this presumption, Mr. Merseal must show that the classification applies unequally to those within a class, that no real basis exists for distinguishing between classes, or that the classification bears no rational relation to the statute's purpose. *Crossman*, 42 Wn. App. at 329.

Mr. Merseal does not contend that RCW 46.25 applies unequally to members of the class—commercial operators.

■ *Basis for Distinguishing between Classes.* Commercial vehicles are subject to numerous regulations not applicable to ordinary drivers. The different physical characteristics of commercial and personal vehicles not only justify but demand more stringent regulation. *Radio*

*Ass'n on Defending Airwave Rights, Inc. v. United States Dep't of Transp.*, 47 F.3d 794, 809 (6th Cir. 1995) (ban on radar detectors in commercial vehicles but not personal vehicles is constitutional). Public safety is a sufficient basis for distinguishing between commercial drivers and the general public.

*Rational Relationship to Purpose.* Mr. Merseal does not dispute the State's legitimate interest in protecting the public from commercial rigs operated by alcohol-impaired drivers. And he does not assert a constitutional right to drive a commercial rig at 76 miles an hour while drunk. And accordingly he cannot explain why applying different procedures to the criminal and civil aspects of a highway alcohol violation is unfair.

The provisions of RCW 46.25 are rationally related to a legitimate legislative purpose. Disqualifying Mr. Merseal's commercial driver's license for driving a commercial vehicle while under the influence furthers a legitimate legislative interest in protecting the public.

*Implied Consent Procedure.* Finally, Mr. Merseal challenges the validity of the implied consent warnings he received. He complains that Trooper Shepherd failed to check every box on the form.

■ Mr. Merseal sought and received a deferred prosecution. A deferred prosecution can be granted *only if* the offender stipulates to the accuracy and sufficiency of the police report. Mr. Merseal must have, then, stipulated to the accuracy and sufficiency of the report here. RCW 10.05.020(3); *Abad v. Cozza*, 128 Wn.2d 575, 580, 911 P.2d 376 (1996); *City of Richland v. Michel*, 89 Wn. App. 764, 769, 950 P.2d 10 (1998). Mr. Merseal cannot now deny the accuracy and sufficiency of that same report.

■ Mr. Merseal does not assert he was, in fact, misled. Nor does he say how he was prejudiced by any technical error. Under the "substantial compliance doctrine," we will not reverse for a merely technical error that does not result in prejudice. *Black v. Department of Labor & Indus.*, 131

Wn.2d 547, 552-53, 933 P.2d 1025 (1997). The doctrine applies in this case. *See, e.g., State v. Piskula,* 168 Wis. 2d 135, 140, 483 N.W.2d 250, 252 (Ct. App. 1992).

Affirmed.

KURTZ, C.J., and KATO, J., concur.

Reconsideration denied March 24, 2000.

Review denied at 141 Wn.2d 1021 (2000).