189 P.3d 813 (2008)
Nancy N. WAPLES and Mark Waples, husband and wife and their marital community thereof, Appellants,
v.
Peter H. YI, DDS, and Jane Doe Yi, husband and wife and their marital community thereof, dba Lakewood Dental Clinic, and Dr. Peter H. Yi, DDS, P.S., a Washington corporation, Respondents.
No. 36211-2-II.
Court of Appeals of Washington, Division 2.
June 3, 2008.
Publication Ordered August 5, 2008.
*814 George Alan Steele, Attorney at Law, Shelton, WA, for Appellants.
John Cornelius Versnel III, Vanessa Vanderbrug, Lawrence and Versnel PLLC, Seattle, WA, James Eric Carlson, Webb Tanner Powell Mertz & Wilson LLP, Lawrenceville, GA, for Respondents.
*815 Pamela M. Andrews, Johnson Andrews & Skinner, appearing pro se.
HOUGHTON, C.J.
¶ 1 Nancy Waples appeals the dismissal of her negligence claim against Dr. Peter H. Yi based on her noncompliance with the notice requirement of former RCW 7.70,100(1) (2006). We affirm.

FACTS
¶ 2 On September 16, 2003, Waples received dental treatment from Yi. On September 5, 2006, Waples filed a complaint against Yi seeking damages arising from her 2003 visit. Waples' complaint alleged that Yi's employee injured her by negligently injecting Novocain. On September 14, 2006, Waples served Yi with a copy of the summons and complaint.
¶ 3 In his answer, Yi raised an affirmative defense that Waples failed to comply with the notice requirement set forth in former RCW 7.70.100(1). On February 8, 2007, Yi moved for summary judgment and sought dismissal of Waples' claims for failure to comply with the statutory notice requirement. At a hearing on the motion, Waples did not dispute that she failed to comply with the statute and the trial court granted the motion. Waples appeals.

ANALYSIS
¶ 4 Waples presents several arguments on appeal. She contends the trial court erred in dismissing her claim because former RCW 7.70.100's notice requirement is not mandatory, and when she filed her complaint, the Supreme Court had not by rule adopted mediation procedures as required by the statute. She also argues that former RCW 7.70.100 violated the right to equal protection under article 1, section 12 of the Washington Constitution and that RCW 7.70.150 violates separation of powers and equal protection because it requires a certificate of merit before commencing a medical negligence claim.
¶ 5 We review a summary judgment order de novo, taking the evidence in the light most favorable to the nonmoving party. Morinaga v, Vue, 85 Wash.App. 822, 828, 935 P.2d 637 (1997). We review issues pertaining to constitutional limitations and statutory authority de novo. Fusato v. Wash. Interscholastic Activities Ass'n, 93 Wash.App. 762, 767, 970 P.2d 774 (1999).
¶ 6 Additionally, we review a statute's meaning de novo. Wright v. Jeckle, 158 Wash.2d 375, 380, 144 P.3d 301 (2006). We must discern and implement the legislature's intent. Wright, 158 Wash.2d at 379, 144 P.3d 301. We review the statute's plain language and, if unambiguous, we give effect to that language as the expression of the legislature's intent. McLane Co. v. Dep't of Revenue, 105 Wash.App. 409, 413, 19 P.3d 1119 (2001).
¶ 7 Waples first contends that former RCW 7.70.100(1) did not require strict compliance. In 2006, the legislature amended RCW 7.70.100, which governs the mandatory mediation of health care professional negligence claims. It added the requirement of a 90-day written notice of intention to sue a health care provider. LAWS OF 2006, ch. 8, § 314.[1] According to former RCW 7.70.100(1):
No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action. If the notice is served within ninety days of the expiration of the applicable statute of limitations, the time for the commencement of the action must be extended ninety days from the service of the notice.
¶ 8 We discern no ambiguity in former RCW 7.70.100(1). By its plain language, former RCW 7.70.100(1) mandated that a plaintiff may only pursue an action based on a health care provider's negligence on the condition that the plaintiff provides at least 90 days' notice. No one disputes that Waples failed to do so. Her argument against the *816 mandatory nature of the notice requirement fails.
¶ 9 Waples next contends that "the mediation requirements of [former] RCW 7.70.100 were impossible to fulfill" because our Supreme Court had not, at the time she filed her complaint, adopted mediation procedures as contemplated under former RCW 7.70.100(4). As a result, she argues, the trial court "should have allowed the parties to submit to mediation once it became available." Appellant's Br. at 6. But regardless of whether our Supreme Court adopted rules governing mediation procedures at the time she filed her complaint, she admittedly failed to comply with the mandatory 90-day notice requirement. Therefore, her argument regarding mediation procedures is not relevant to the disposition of her case.
¶ 10 Waples further contends that former RCW 7.70.100 violated the equal protection clause of the Washington Constitution. The Fourteenth Amendment of the United States Constitution and the privileges and immunities clause of article I, section 12 of the Washington Constitution guarantee the right to equal protection of laws. Merseal v. Dep't of Licensing, 99 Wash.App. 414, 420, 994 P.2d 262 (2000). We presume the constitutionality of a statute, and a party who challenges a statute's "`constitutionality bears the burden of proving its unconstitutionality beyond a reasonable doubt.'" Habitat Watch v. Skagit County, 155 Wash.2d 397, 414, 120 P.3d 56 (2005) (quoting State v. Thorne, 129 Wash.2d 736, 769-70, 921 P.2d 514 (1996)).
¶ 11 "[T]o `show a violation of the equal protection clause, a party must first establish that the challenged act treats unequally two similarly situated classes of people:'" Fell v. Spokane Transit Auth., 128 Wash.2d 618, 635, 911 P.2d 1319 (1996) (quoting Cosro, Inc. v. Liquor Control Bd., 107 Wash.2d 754, 760, 733 P.2d 539 (1987)). But "[w]here persons of different classes are treated differently, there is no equal protection violation." Forbes v. City of Seattle, 113 Wash.2d 929, 943, 785 P.2d 431 (1990). Only when a statute treats individuals of the same class differently may a claimant proceed with an equal protection claim. Forbes, 113 Wash.2d at 943, 785 P.2d 431.
¶ 12 Waples relies on Hunter v. North Mason High School and School District No. 403, 85 Wash.2d 810, 818-19, 539 P.2d 845 (1975), a case in which our Supreme Court held that a statute violated equal protection because victims of governmental tortfeasors had to pursue a claim within four months of injury and victims of nongovernmental tortfeasors had no such burden. She argues that there "is no compelling governmental interest" for former RCW 7.70.100 to treat "different classes of tortfeasors differently." Appellant's Br. at 8, 7.
¶ 13 Unlike in Hunter, former RCW 7.70.100's notice requirement had no effect on the statute of limitations for medical negligence claimants compared with nonmedical negligence claimants. For example, when a claimant gives the required notice to the medical professional within 90 days of the expiration of the statute of limitations, that notice tolls the statute of limitations for 90 days from the date of giving notice.[2] Former RCW 7.70.100(1). Thus, at least for purposes of the statute of limitations, former RCW 7.70.100 complied with Hunter by treating all medical negligence claimants the same, giving all such claimants the same window of time in which to pursue an action.
¶ 14 Even assuming former RCW 7.70.100's notice requirement acted as a burden on the rights of medical negligence claimants, Waples' equal protection argument fails. Because this case does not involve a suspect classification or a fundamental right, we review the statute under rational basis review, or minimal scrutiny. See Nielsen v. Wash. State Bar Ass'n, 90 Wash.2d 818, 820, 585 P.2d 1191 (1978). Under rational basis review, a statutory classification violates equal protection only if no conceivable state of facts reasonably justifies the classification and the classification is purely arbitrary. *817 Tunstall v. Bergeson, 141 Wash.2d 201, 226-27, 5 P.3d 691 (2000). We look to see whether the policy behind the statutory classification rationally relates to a legitimate state purpose. In the Pers. Restraint of Fogle, 128 Wash.2d 56, 62, 904 P.2d 722 (1995).
¶ 15 Former RCW 7.70.100 rationally furthered a legitimate state purpose. In passing RCW 7.70.100, the legislature intended "to provide incentives to settle [medical malpractice] cases before resorting to court." Laws of 2006, ch. 8, § 1; see also § 314. Seeking to provide an incentive to settle before filing a medical negligence claim provides a legitimate state purpose[3] and limiting the notice requirement to medical negligence claimants is not an arbitrary classification in furtherance of that legitimate goal. The classification helps to achieve the policy's aims of facilitating settlement between a claimant and a medical professional in such claims. Accordingly, former RCW 7.70.100 did not violate equal protection.
¶ 16 Waples next argues that RCW 7.70.150 violates separation of powers and equal protection because it requires a claimant against a medical provider to file a certificate of merit at the time of filing the complaint. But her arguments regarding a required certificate of merit are not relevant to the trial court's reason for dismissing her lawsuit: her failure to comply with former RCW 7.70.100's notice requirement. Because judicial restraint principles dictate that when resolution of an issue effectively disposes of a case, we should not reach any other issues, and because we only decide constitutional issues when necessary, we do not further address Waples' additional unconstitutionality arguments. Wash. State Farm Bureau Fed'n v. Gregoire, 162 Wash.2d 284, 307, 174 P.3d 1142 (2007); Gersema v. Allstate Ins. Co., 127 Wash.App. 687, 697, 112 P.3d 552 (2005).
¶ 17 Affirmed.
We concur: ARMSTRONG and QUINN-BRINTNALL, JJ.
NOTES
[1] RCW 7.70.100 was again amended in 2007. LAWS OF 2007, ch. 119, § 1. For purposes of this opinion, we refer to the 2006 version. The 2007 amendment does not affect our analysis.
[2] "If the notice is served within ninety days of the expiration of the applicable statute of limitations, the time for the commencement of the action must be extended ninety days from the service of the notice." Former RCW 7.70.100(1).
[3] When enacting Second Substitute House Bill No. 2292, the medical malpractice act, the legislature found:

[A]ccess to safe, affordable health care is one of the most important issues facing the citizens of Washington state. . . . The rising cost of medical malpractice insurance has caused some physicians, particularly those in high-risk specialties such as obstetrics and emergency room practice, to be unavailable when and where the citizens need them the most. The answers to these problems are varied and complex, requiring comprehensive solutions that encourage patient safety practices, increase oversight of medical malpractice insurance, and making the civil justice system more understandable, fair, and efficient for all the participants.
LAWS OF 2006, ch. 8, § 1.