**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 27, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP2082-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CT3

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DANIAL CHRISTOPHER WHEATON,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waushara County: GUY D. DUTCHER, Judge. *Affirmed*.

¶1 GRAHAM, J.[1] Danial Wheaton appeals a judgment convicting him of operating a motor vehicle with a prohibited alcohol concentration, third offense. It is undisputed that, after Wheaton was arrested and before he consented to a blood

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

draw for chemical testing, the arresting officer misread one line of the "Informing the Accused" script that is required by Wisconsin's implied consent law, WIS. STAT. § 343.305(4). Wheaton contends that the results of his blood test should have been suppressed as a result of the officer's mistake or, alternatively, that the circuit court should have entered an order stripping the result of the presumption of admissibility for implied consent tests under WIS. STAT. §§ 343.305(5)(d) and 885.235(1g). I disagree and affirm the judgment of conviction.

## BACKGROUND

¶2      In January 2021, officers pulled over Wheaton's vehicle for an equipment violation and determined that he exhibited signs of intoxication. The officers subjected Wheaton to field sobriety testing, during which he repeatedly lost his balance. When administering a preliminary breath test, one of the officers asked Wheaton if he knew the "legal limit" in Wisconsin, and Wheaton responded that the limit is .08. The result of the preliminary breath test was significantly over that limit. An officer advised Wheaton that he would be "placed under arrest for OWI."[2]

¶3      Wheaton was placed in the back of a squad car, and the arresting officer read Wheaton the Informing the Accused script. *See* WIS. STAT. § 343.305(4). However, as further discussed below, the officer made a mistake in reading the first sentence of that script. Wheaton consented to having his blood

---

[2] The Wisconsin Jury Instructions use "OWI" as an umbrella term, which encompasses operating while under the influence of an intoxicant (to a degree that renders the driver incapable of safely driving), contrary to WIS. STAT. § 346.63(1)(a), and operating with a prohibited alcohol concentration (as defined by WIS. STAT. § 340.01(46m)), contrary to § 346.63(1)(b), among other things.

Throughout this opinion, I use the term "OWI-related offense" to refer to a violation of any of the offenses, including WIS. STAT. §§ 346.63(1), (2), (2m), (6), 940.09, and 940.25, that are enumerated in WIS. STAT. § 343.305(3)(a) and (9)(a)5.a.

drawn for chemical testing, and the results showed a blood alcohol concentration of .158 g/100 mL. Wheaton was charged with one count of operating a motor vehicle with a prohibited alcohol concentration and one count of operating a motor vehicle while under the influence of an intoxicant, both as third offenses.

¶4 Wheaton filed several pretrial motions, including a motion addressing the mistake the arresting officer made in reading the Informing the Accused script.[3] WISCONSIN STAT. § 343.305(4) directs officers to read the following script:

> You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, or you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.

> This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.

> If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test.

> If you have a commercial driver license or were operating a commercial motor vehicle, other consequences may result from positive test results or from refusing testing, such as being placed out of service or disqualified.

---

[3] Wheaton also filed two other pretrial motions seeking to suppress evidence, which the circuit court denied. Wheaton does not challenge the denial of these other motions on appeal.

Here, however, the arresting officer misread the first sentence of the script, adding the bracketed language: "You have either been arrested for an offense [that involves drinking …] that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both …." The officer read the remainder of the script verbatim.

¶5      In his pretrial motion, Wheaton alleged that the officer's mistake would have led Wheaton to believe that he was being arrested for an "absolute sobriety" offense, and that this "misinformation … interfered with his right to make an informed choice regarding his statutory and constitutional due process rights."[4] Wheaton asked the circuit court to suppress the results of the test on that basis or, in the alternative, to strip the result of the presumption of admissibility found in WIS. STAT. §§ 343.305(5)(d) and 885.235(1g).[5]

¶6      The circuit court held an evidentiary hearing, at which the arresting officer testified. Pertinent here, the officer acknowledged that he had misread the first sentence of the Informing the Accused script. He testified that he realized that

---

[4] Wheaton made two additional arguments about the officer's mistake in reading the script that he does not renew on appeal: that it interfered with his due process right to receive notice of the offense for which he was arrested; and that it was prejudicially misleading under the framework set forth in *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 542 N.W.2d 196 (Ct. App. 1995).

[5] The "presumption of admissibility," which is spelled out in WIS. STAT. §§ 343.305(5)(d) and 885.235(1g), allows implied consent tests to be admitted without accompanying expert testimony. Paragraph 343.305(5)(d) provides that, "[a]t the trial of any civil or criminal action or proceeding arising out of" an OWI-related offense, "the results of a test administered in accordance with [§ 343.305] are admissible on the issue of whether the person was under the influence of an intoxicant." That paragraph further provides that "[t]est results shall be given the effect required under [§] 885.235." Subsection 885.235(1g), in turn, provides that, "if the sample was taken within 3 hours after the event to be proved," the test result "is admissible on the issue of whether [the person] was under the influence of an intoxicant or had a prohibited alcohol concentration … without requiring any expert testimony as to its effect." As relevant here, § 885.235(1g)(c) provides: "The fact that the analysis shows that the person had an alcohol concentration of 0.08 or more is prima facie evidence that [the person] was under the influence of an intoxicant and is prima facie evidence that [the person] had an alcohol concentration of 0.08 or more."

4

he had misspoken and corrected his mistake, but he acknowledged that he did not specifically inform Wheaton that he had make a mistake.

¶7      The circuit court denied Wheaton's motion.  In so doing, the court characterized the officer's mistake as "stumbling" over language in the first sentence of the script.  The court stated that "arguably," the officer could have done more to "appropriately correct[]" the mistake.  Even so, the court determined that the officer did correct the mistake, and further, that the officer's "linguistic misstep" did not "create[] a degree of infirmity that would … necessitate the [c]ourt suppressing what was otherwise a very clear and consensual provision of a blood specimen" by Wheaton.  The court determined that the evidence "unequivocally indicate[d]" that Wheaton was "well aware" of what was taking place, and that there was "nothing to suggest to him in any way, shape or form that he was addressing an absolute sobriety situation."

¶8      Following the denial of his pretrial motions, Wheaton pled no contest to the count of operating a motor vehicle with a prohibited alcohol concentration of .08 or more as a third offense, and the court found him guilty of that charge. Wheaton appeals the judgment of conviction, challenging the court's denial of his motion related to the Informing the Accused script.[6]

---

[6] A defendant who pleads guilty or no contest to criminal charges forfeits the right to raise almost all non-jurisdictional defects, including constitutional claims, on appeal. *State v. Multaler*, 2002 WI 35, ¶54, 252 Wis. 2d 54, 643 N.W.2d 437.  We have referred to this proposition as the "guilty plea waiver rule." WISCONSIN STAT. § 971.31(10) is a "narrowly crafted exception" to the guilty plea waiver rule that "permits appellate review of an order denying a motion to suppress evidence, notwithstanding a guilty [or no contest] plea." *State v. Conner*, 2012 WI App 105, ¶15, 344 Wis. 2d 233, 821 N.W.2d 267.

## DISCUSSION

¶9 WISCONSIN STAT. § 343.305 provides that any person who drives or operates a motor vehicle on a public roadway in Wisconsin is deemed to have given their "implied consent" to chemical testing of a sample of their blood, breath, or urine if they are arrested for an OWI-related offense. *See* § 343.305(2), (3)(a). A law enforcement officer who arrests a driver for an OWI-related offense and seeks chemical testing pursuant to the implied consent law is required to read the Informing the Accused script to the driver. *See* § 343.305(4). This script provides standard language advising the driver of certain consequences of submitting to testing and certain consequences of refusing. The script also informs the driver of their right to alternative testing, provided that the driver submits to the test requested by law enforcement. *See* § 343.305(5)(d).

¶10 I begin by observing that suppression of the blood test result is not an available remedy to address an officer's failure to comply with WIS. STAT. § 343.305(4). *See* ***State v. Zielke***, 137 Wis. 2d 39, 51, 403 N.W.2d 427 (1987) ("nothing in [§ 343.305] or its history permits the conclusion that failure to comply with [§ 343.305(4)[7]] prevents the admissibility of legally obtained chemical test evidence in [a] … criminal prosecution for offenses involving intoxicated use of a vehicle"). I therefore conclude that, although Wheaton asked the circuit court to suppress the blood test result, the most he could be entitled to is a ruling that the

---

[7] The ***Zielke*** opinion was issued in 1987. At that time, the statutory requirements for informing the accused were found in WIS. STAT. § 343.305(3)(a) (1985-86). That subsection was subsequently amended and renumbered, and the requirements are now found in the current version of WIS. STAT. § 343.305(4).

State would not be able to rely on the presumption of admissibility when seeking to admit the blood test results at trial.[8]

¶11 Wisconsin case law is replete with opinions addressing mistakes that officers have made in supplying the information required by WIS. STAT. § 343.305(4). These cases do not require "complete compliance" with § 343.305(4), but they do require "substantial compliance." *Washburn Cnty. v. Smith*, 2008 WI 23, ¶62 n.52, 308 Wis. 2d 65, 746 N.W.2d 243 (citing *State v. Muente*, 159 Wis. 2d 279, 281, 464 N.W.2d 230 (Ct. App. 1990); *State v. Wilke*, 152 Wis. 2d 243, 250, 448 N.W.2d 13 (Ct. App. 1989)). As explained in *Smith*, to substantially comply with § 343.305(4), an officer must "provide the statutorily required information." *Smith*, 308 Wis. 2d 65, ¶¶65, 75.

¶12 Here, the officer provided the statutorily required information. He informed Wheaton that he had been arrested for one of several enumerated offenses, and of all the statutorily required information about the consequences of submitting to testing, the consequences of refusing, and the right to alternative testing. *See* WIS. STAT. § 343.305(4).

¶13 It is undisputed that the officer misspoke by adding three words— "that involves drinking"—when reading the first sentence of the script, which identifies offenses that are subject to the implied consent law. *See* WIS. STAT. § 343.305(4). During the circuit court proceedings, and then in his opening

---

[8] The State does not argue that the guilty plea waiver rule precludes Wheaton from pursuing his alternative argument that he is entitled to a remedy other than suppression on appeal. I therefore assume without deciding that the guilty plea waiver rule does not preclude Wheaton's alternative argument that he was entitled to an order stripping the test results of the presumption of admissibility, but I note that this is no small assumption in Wheaton's favor. *See supra*, n.6 (discussing "narrowly crafted exception" to the guilty plea waiver rule found in WIS. STAT. § 971.31(10)).

appellate brief, Wheaton argued that the officer's mistake interfered with his ability to make an informed choice about his right to request alternative testing. This argument rests on an underlying premise that was rejected by the circuit court—that, based on the officer's misstatement, Wheaton could have or would have inaccurately believed that he had been arrested for an absolute sobriety offense. According to Wheaton, the officer mistakenly advised him that he was being arrested for "drinking and driving," which "clearly implies" that "the mere act of drinking any alcoholic beverage and operating a motor vehicle is sanctionable." Therefore, Wheaton argues, "he might [have been] led to believe it [was] 'not worth it' to seek additional chemical test evidence" because he knew that his blood alcohol concentration would be above .00.

¶14 The circuit court rejected this underlying premise as an unreasonable interpretation of the facts, and I agree with the circuit court's assessment. Based on the facts recited above, it is apparent that Wheaton understood that the prohibited blood alcohol concentration that applied to him was .08. It is also apparent that Wheaton understood that he was being arrested, not merely because the officers suspected he had been drinking, but because the officers had determined that he was impaired. To be sure, the officer stated that he had been arrested "for an offense that involves drinking," yet it is undeniable that the offense for which he was arrested did involve drinking. I agree with the circuit court that the officer's "linguistic misstep" in reading the script would not have misled Wheaton into

believing that he was being arrested for an "absolute sobriety offense," or that he could be prosecuted for "any drinking and driving."[9]

¶15 Wheaton changes course in his rely brief on appeal. He now contends that it does not matter whether the officer's mistake actually interfered with his understanding of the information that WIS. STAT. § 343.305(4) requires officers to provide. Citing *Smith*, 308 Wis. 2d 65, and *Wilke*, 152 Wis. 2d 243, Wheaton contends that a driver is entitled to a remedy if the officer makes any "misstatement" during the recitation of the Informing the Accused script, regardless of whether the mistake was consequential in any way. *Smith* and *Wilke* do not stand for this proposition. As discussed above, these cases require "substantial compliance" but not "complete compliance" with § 343.305(4). As discussed, the officer provided the statutorily required information, and Wheaton fails to demonstrate that the officer's mistake interfered with Wheaton's understanding of any of the information in § 343.305(4).

¶16 For all of these reasons, I conclude that the officer substantially complied with WIS. STAT. § 343.305(4), and I affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[9] Wheaton also contends that he was especially susceptible to misinformation on this point because he held a commercial driver's license, but he does not explain the chain of inferences that support this contention. The Informing the Accused script that was read to Wheaton advised him that one of the alternative offenses he could have been arrested for was "driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage." It is undisputed that Wheaton was not driving or on duty time with respect to a commercial motor vehicle when he was arrested, and the undisputed facts show that Wheaton understood that the .08 limit applied to him at the time he was arrested.