**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 10, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP661-CR**

Cir. Ct. No. **2021CT866**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

　PLAINTIFF-RESPONDENT,

V.

SAM M. SHAREEF,

　DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Racine County: SCOTT P. CRAIG, Judge. *Affirmed.*

¶1 LAZAR, J.[1] Sam M. Shareef appeals from a judgment of conviction for Operating While Intoxicated, second offense, contrary to WIS.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

STAT. § 346.63(1)(am). Shareef asserts the circuit court erred when it denied his motion to suppress an evidentiary chemical test of his blood. Specifically, Shareef argues the arresting officer made a statement just prior to his recitation of the Informing the Accused form, required by WIS. STAT. § 343.305(4), that rendered the recitation insufficient to reasonably convey the content of the implied consent warnings to Shareef and to adequately advise Shareef of his due process rights. Because this court concludes the officer reasonably conveyed to Shareef the implied consent warnings and no due process violations were implicated, the circuit court's judgment is affirmed.

## BACKGROUND

¶2      The facts are undisputed. In November 2021, the State charged Shareef with operating a motor vehicle while under the influence of an intoxicant, contrary to WIS. STAT. § 346.63(1)(a), and operating a motor vehicle with a restricted controlled substance in blood, contrary to § 346.63(1)(am). Shareef refused to submit to an evidentiary chemical test of his blood upon arrest, and the State also charged him with unlawfully refusing to submit to an implied consent test, contrary to WIS. STAT. § 343.305(9)(a). Shareef filed a motion to suppress the blood test evidence, and the circuit court held an evidentiary hearing on that motion in October 2022.

¶3      At the hearing, no testimony was provided, but the court received into evidence two bodycam videos of the arresting officer's encounter with Shareef. Just before reading the Informing the Accused form to Shareef, the officer told him that "[s]ome of this stuff I'm going to read you is not going to apply to you." The circuit court issued a written decision denying the motion to suppress, relying on *State v. Piddington*, 2001 WI 24, 241 Wis. 2d 754, 623

N.W.2d 528, and concluding "[t]he objective conduct of the officer rather than the comprehension of the accused driver determines compliance with [WIS. STAT. § 343.305(4)]" and that the arresting officer used reasonable methods to convey the implied consent warnings to Shareef.

¶4      Shareef ultimately entered a no-contest plea to operating with a restricted controlled substance, second offense, and the judgment of conviction was entered in March 2025. Shareef now appeals from that judgment, asserting the circuit court erred in denying his motion to suppress.

## STANDARD OF REVIEW

¶5      In reviewing a circuit court's denial of a motion to suppress, appellate courts first "uphold a circuit court's findings of historic fact unless they are clearly erroneous." *State v. Moeser*, 2022 WI 76, ¶13, 405 Wis. 2d 1, 982 N.W.2d 45 (citation omitted). Second, courts will "independently apply constitutional principles to those facts." *Id.* (citation omitted); *see also State v. Grady*, 2009 WI 47, ¶13, 317 Wis. 2d 344, 766 N.W.2d 729.

## DISCUSSION

¶6      Under WIS. STAT. § 343.305(2), "[a]ny person who … operates a motor vehicle upon the public highways … is deemed to have given consent to one or more tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity … of alcohol" and other intoxicating substances. Immediately prior to requesting an evidentiary test of a suspect's breath, blood or urine, however, an officer must recite the following statement:

> You have either been arrested for an offense that
> involves driving or operating a motor vehicle while
> under the influence of alcohol or drugs, or both, *or* you

are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, *or* you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.

This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results of the fact that you refused testing can be used against you in court.

If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test.

If you have a commercial driver license or were operating a commercial motor vehicle, other consequences may result from positive test results or from refusing testing, such as being placed out of service or disqualified.

WIS. STAT. § 343.305(4) (emphases added).

¶7    Our supreme court in ***Piddington*** expressed "[t]he purpose behind the implied consent law is to combat drunk driving by 'facilit[ating] the gathering of evidence against drunk drivers[,]'" and that "court[s] must liberally construe the law to effectuate the legislature's intent." ***Piddington***, 241 Wis. 2d 754, ¶17 (citations omitted). It noted the objective of WIS. STAT. § 343.305(4) "is to 'advise the accused about the nature of the driver's implied consent.'"

*Piddington*, 241 Wis. 2d 754, ¶17 (citation omitted). Further, § 343.305(4) "notifies the driver of the right to request a second, alternative test to the one requested by the arresting officer." *Piddington*, 241 Wis. 2d 754, ¶17.

¶8 The *Piddington* court held that whether "law enforcement officers have complied with WIS. STAT. § 343.305(4) turns on whether they have used reasonable methods which would reasonably convey the [subsection's] warnings and rights[.]" 241 Wis. 2d 754, ¶22. "[T]he onus is upon the law enforcement officer to reasonably convey the implied consent warnings[,]" and "the State has the burden of proof of showing, by a preponderance of the evidence, that the methods used would reasonably convey the implied consent warnings." *Id.*

¶9 Shareef argues that, when the officer indicated to Shareef that some portion or portions of the Informing the Accused form may not apply to Shareef prior to the recitation, the officer "effectively misread[] the form[,]" and thus failed to reasonably convey to him the implied consent warnings.

¶10 This court cannot conclude the officer failed to reasonably convey the implied consent warnings to Shareef merely on the basis of the statement he made prior to reciting the Informing the Accused form. The officer read the form to Shareef verbatim, and, as the circuit court noted in its written decision, the officer's statement that not everything in the form applied to Shareef was true. For example, Shareef was not "the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person[.]" WIS. STAT. § 343.305(4). Nor did he have a commercial driver's license. *See id.*

¶11 Though certainly not necessary, it was not unreasonable for the officer to advise Shareef that some part of the form did not apply to him, and,

5

given the nature of the portion that did not apply, it was fairly understandable why he did so. After the form was fully recited, Shareef asked the officer questions to clarify his understanding of his rights. This court concludes under these circumstances that the officer's advisement, including his prefatory statement, reasonably conveyed to Shareef the implied consent warnings. Concluding otherwise would place an undue burden on officers and require perfect, rather than substantial, compliance with WIS. STAT. § 343.305. *See State v. Muente*, 159 Wis. 2d 279, 281, 464 N.W.2d 230 (Ct. App. 1990) (quoting *Midwest Mut. Ins. Co. v. Nicolazzi*, 138 Wis. 2d 192, 200, 405 N.W.2d 732 (Ct. App. 1987) (stating substantial compliance suffices if it is "actual compliance in respect to the substance essential to every reasonable objective of the statute.").

¶12 Because the Informing the Accused form provides information to suspects relating to their due process rights, Shareef also asserts this purportedly flawed recitation impermissibly interfered with his constitutional rights and that suppression of the evidentiary blood test is "the only recognized sanction for" such an interference. Shareef relies upon a number of cases he contends support the notion that "the accused's right to alternative testing is a guarantee of statutory due process." *See, e.g.*, *State v. McCrossen*, 129 Wis. 2d 277, 385 N.W.2d 161 (1986); *State v. Walstad*, 119 Wis. 2d 483, 351 N.W.2d 469 (1984); *State v. Ehlen*, 119 Wis. 2d 451, 351 N.W.2d 503 (1984); *State v. Disch*, 119 Wis. 2d 461, 351 N.W.2d 492 (1984); *State v. Renard*, 123 Wis. 2d 458, 367 N.W.2d 237 (Ct. App. 1985). He argues these cases highlight the "broader dimensionality" of the Informing the Accused form, showing that it "serves to articulate information relating to [statutory] due process rights which are reserved to the accused." However, none of these authorities support Shareef's contention that the officer's

6

prefatory statement in this case constitutes a due process violation requiring suppression as a remedy.

¶13     In *McCrossen*, the defendant failed a breathalyzer test and requested an alternative test. 129 Wis. 2d at 281. Officers incorrectly informed her that she would be required to pay for an alternative test, and, despite her willingness to do so, the officers never administered the alternative test. *Id.* "The defendant also was not informed that she could be released in order to get an alternative test" by her own means and was kept in custody such that an alternative test could not be obtained. *Id.* The *McCrossen* court concluded that the officers' denial of the defendant's statutory right to an alternative test warranted suppression of the initial breathalyzer test. *Id.* at 297. The court also held that, since the government's test result was suppressed, it was not a denial of the defendant's due process rights to present a defense when she was prevented from introducing evidence that she had requested an alternative test and was refused by officers. *Id.* at 298-99.

¶14     *McCrossen* highlights that violation of the implied consent statutes can give rise to due process concerns. However, the *McCrossen* court was narrowly focused on the issue of constitutional fairness that arises when the defendant is prevented from presenting evidence that they were denied the statutory right to alternative chemical testing.[2] Even in that scenario, the *McCrossen* court concluded that, due to suppression of the government's original

---

[2] The other cases cited by Shareef, likewise, focus on the right to access alternative testing as "internal safeguards of due process." *State v. Ehlen*, 119 Wis. 2d 451, 457, 351 N.W.2d 503 (1984). *See also State v. Disch*, 119 Wis. 2d 461, 479-80, 351 N.W.2d 492 (1984); *State v. Walstad*, 119 Wis. 2d 483, 527, 351 N.W.2d 469 (1984). That argument is not persuasive here.

test, no due process violation occurred because alternative testing is "constitutionally material evidence" only when it used to refute the results of an initial test and allowing evidence of the defendant's request of an alternative test in the absence of evidence of the original test would only serve to confuse the jury. *Id.* at 299.

¶15 Here, Shareef simply has not alleged a due process violation. Where *McCrossen* involves officers *affirmatively misstating* the law as it relates to the implied consent warnings,[3] the officer in the case at bar merely made an accurate prefatory statement that not every word of the Informing the Accused form would apply to Shareef. This court concludes that this statement does not give rise to a due process violation, and none of the authorities upon which Shareef relies support that position. For these reasons, this court affirms.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] The officers in *McCrossen* may have even taken actions to prevent the exercise of the defendant's statutory right to alternative testing, as defense counsel argued the defendant was "kept in custody unnecessarily" because "officers were afraid that if she took a second test the results would be exculpatory." *Id.* at 283.